(109 N. W. 1026.)

---

J. L. OWENS COMPANY, A CORPORATION, v. THOMAS DOUGHTY.

Opinion filed November 19, 1906.

**Sale of Personal Property — Rescission.**

1. A sale of personal property followed by actual delivery cannot be rescinded unless the property be promptly returned to the seller or its return tendered and refused, or its return waived.

**Same — Acquiescence After Rescission.**

2. Mere words of disaffirmance followed by positive acts acquiescing in the contract, will not effect a rescission of the same.

**Same — Return of Part of Property.**

3. A contract of sale of personal property cannot generally be rescinded by a return or an offer to return only that part of the property unsold.

**Rescission Must Be Entire.**

4. A rescission of a contract must generally be of the contract in its entirety, and not that part which is advantageous to the party.

**Sale — Bill of Sale — Construction.**

5. A bill of sale construed, and the rights of the parties thereunder determined.

Appeal from District Court, Foster County; *Burke*, J.

Action by the J. L. Owens Company against Thomas Doughty. Judgment for defendant and plaintiff appeals.

Reversed and remanded.

*Turner & Wright,* for appellant.

One seeking to rescind must proceed promptly and bring his notice of election home to the other party. Davis v. Reed, 37 Fed. 418; Lawrence v. Dale, 3 Johns. Ch. 23, 71 L. Ed. 529; Sweetman v. Prince, 26 N. Y. 224; Bennett v. Glaspell, 107 N. W. 45, 15 N. D. 239; Grymes v. Sanders, 93 U. S. 63, 23 L. Ed. 798; Tarington v. Purvis, 9 L. R. A. 607.

*T. F. McCue,* for respondent.

Where one party to a contract fails to perform his part, the other party thereto may treat it as at an end. Barrett v. Austin, 31 Pac. 3; Lake Shore Ry. Co. v. Richards, 152 Ill. 59; Seymour v. Detroit Copper Mills, 22 N. W. 317.

MORGAN, C. J. Action on a promissory note for the sum of $1,010.50 given for the purchase price of a carload of fanning mills sold and delivered to the defendant. When the sale of the machines was made, the following special agreement was entered into between the parties as a part of the written contract: "J. L. Owens Company agree to furnish canvasser to sell these mills and guarantee that said mills will be sold in four months of peddling, and at the expiration of four months all mills unsold to be sold at the expense of J. L. Owens Company. Thomas Doughty to pay said man's expenses and salary for four months, or until he discharges

him. Gilbert Glauke to be the canvasser. Salary of said man to be $50 a month and expenses. Man to be paid only until mills are sold, or until Thomas Doughty wishes to take the responsibility of the sale of said mills, when he can discharge him; salary and expenses paid by Doughty not to exceed four months."

The answer alleges that Glauke was not furnished to the defendant as a canvasser and salesman of the mills, and that the mills were not sold within four months, in consequence thereof. That plaintiffs furnished another canvasser who was incapable of selling said machines and only sold 10 of them during about 60 days, and voluntarily quit canvassing in about .60 days. It is also alleged that the furnishing of said Glauke as a canvasser constituted the inducement for the purchase of said mills by defendant, and in consequence of the failure of said plaintiff to furnish him as a canvasser, the consideration for the contract has failed, and that defendant has on hand 28 of said fanning mills, and that the same have at all times been held subject to the order of the plaintiff. The answer further alleges that "defendant has at all times requested plaintiff to take said mills, and the defendant now tenders said 28 mills to the plaintiff. Defendant also pleads a counterclaim for damages alleged to have followed the breach of said contract by plaintiff. Such damages consist of wages paid to the canvasser furnished for 60 days, his board and team hire, in all amounting to the sum of $340. Further damages are claimed based upon the .following contentions: The machines were not sold during the four months limited in the contract. That defendant sold 22 of them, and claims $10 per machine sold by him as a reasonable compensation therefor. Further damages are pleaded as a counterclaim growing out of the fact that plaintiff did not remove said 28 mills from the defendant's possession for two years, and that the reasonable value of their storage and for insurance, is the sum of $100. Defendant demands judgment against the plaintiff in the sum of $690 with costs.

There was a trial to a jury, and a verdict was returned in defendant's favor for the sum of $85.50, and judgment rendered thereon. Plaintiff moved for judgment notwithstanding the verdict and the same was denied. Plaintiff appeals, and specifies numerous errors at the trial in the admission of evidence, and the giving of instructions, and the denying of the motion for judgment notwithstanding the verdict. The facts developed at the trial show that plaintiff failed to furnish the particular canvasser agreed upon, and that the

guaranty that the machines would be sold in four months was not complied with. Plaintiff did furnish a canvasser who worked for about 60 days, and sold 10 mills during that time, and voluntarily quit that work at the end of that time. Another canvasser was furnished who only worked a few days. Thereafter no canvasser was employed, but defendant sold 22 of the machines himself to persons who came to his place of business at Carrington. Defendant says that he made objections to plaintiff for not furnishing the man, Glauke, as canvasser, and expressed his dissatisfaction with the one furnished. Evidence introduced on plaintiff's part tends to refute these contentions.

A material question involved on this appeal is whether the defendant rescinded the contract. Defendant claims that the answer sets forth facts constituting an absolute rescission, based on the following allegations: "That defendant has on hand 28 of said fanning mills, and that the same have at all times been held subject to the order of the plaintiff. That defendant has at all times requested plaintiff to take said mills, and the defendant now tenders said 28 mills to the plaintiff."

The testimony shows that defendant told plaintiff's agent that the machines were his machines, and subject to his order, but this was not done until many of them had been sold. There was no return of any of the mills. The contract did not provide for the mode by which it could be rescinded. The provisions of the statute must therefore control, and it provides that as a condition of a rescission that everything of value received under the contract must be restored or offered to be restored, and that the rescission must be promptly made. After defendant stated to plaintiff's agent that the mills were his mills, and subject to his order, no change was made in the possession of the mills. They remained at the same place as before. Defendant continued to sell them as opportunity presented itself. The contract was thereby ratified, and continued in force. If it should be conceded, although unwarranted, that plaintiff refused to accept the mills, when told that they were his mills and subject to his order, still the undisputed fact that defendant sold some of the mills thereafter, and received benefits under such sales, refutes the claim of rescission. If a rescission was made the mills would thereafter belong to plaintiffs, and defendant had no right to sell them, nor do anything else in reference to them. By selling them and appropriating the proceeds of the sales, the claim of a prior re-

scission amounts to nothing. The plaintiff had a right to infer that the contract was in force. The mills were delivered on October 17, 1902, and the canvasser immediately commenced selling them. He continued to do so for nearly 60 days, when he quit. The defendant knew that Mulmstead was not the canvasser provided for by the contract. He accepted him, however, and says that he did so because plaintiffs agreed to furnish Glauke soon. We are satisfied that by accepting Mulmstead to sell the machines in place of Glauke, defendant has waived the contract to that extent, and could not later repudiate the contract on that ground, and thereby lay the foundation for damages for all sums that he had voluntarily paid Mulmstead for his services. Defendant was not compelled to accept Mulmstead as an agent and could have rescinded the contract for the reason that Glauke was not furnished as selling agent, if he had acted promptly. But, by acquiescing in the change and accepting his services and the benefits of his work, he lost the right to rescind the contract in toto upon the ground that 60 days after Mulmstead had ceased to work.

The note in suit was given on December 18, 1902. It was given for the purchase price of all the fanning mills delivered to defendant under the contract of October 6, 1902, and for some other articles. The giving of this note was after Mulmstead had quit working, and his inability to make a success as a canvasser had been ascertained. The giving of the note at this time was a further ratification of the contract, after defendant knew that plaintiff had violated its agreement. Nothing was done towards rescission of the contract until more than a year after the note was given, and during all of this time defendant continued to sell the fanning mills as occasion presented itself. We are convinced that there was no rescission. Hence, defendant is not entitled to recover what he paid out to the canvasser, nor for other expenditures previously stated herein. These expenditures were made by defendant with knowledge that plaintiff had not complied with its contract. The attempted rescission was not promptly made. Defendant only attempted to rescind as to the 28 machines unsold. It was too late to rescind the contract after the sale of so many of them had been made. The evidence is not definite as to how many were sold when rescission was attempted, but 32 of them were sold in all.

It is also claimed that defendant is entitled to damages for the reason that the guaranty that the mills should all be sold within four

months was not complied with. We do not think that the contention can be sustained. Under the contract, the mills were to be sold within four months. The contract is not explicit as to the party that was to sell them. The intention to be gathered from the whole contract is that defendant was to do the selling, but plaintiff was to pay the expenses thereof. The contract therefore provides what shall be done if the mills are not all sold in four months. The plaintiff must stand the expenses of all the selling. The defendant was to receive the profits after the four months, although to incur no expense. The contract therefore provided what the plaintiff was to do by way of penalty if the canvassers did not sell all the machines in four months. It is not true that plaintiff was to sell the mills during the four months after delivery. They were to be sold by the defendant. Plaintiff agreed to furnish Glauke as the canvasser, but he was defendant's agent and not plaintiff's, and was paid by the defendant. After four months the defendant was to sell the mills remaining on hand at plaintiff's expense. Plaintiff was absolved from all duty in regard to the selling of the mills after the lapse of four months, and defendant was to sell them, but was to be reimbursed for the expenses thereof. What expenses were to be allowed is not specified, but it is evident that actual expenses were intended. A rescission could not be made as to the unexecuted part of the contract under the facts of this case. Defendant could not ratify that part of the contract advantageous to him, and disaffirm the unprofitable part. This principle is elementary.

The trial court instructed the jury to allow to the defendant as a counterclaim against the note in suit what he had expended under the contract for wages of the canvasser, and for expenses for storage and other similar expenditures made by him. This was upon the theory that the defendant had rescinded the contract. As we have seen, this was error. Instead of rescinding the contract, defendant affirmed it by unequivocal acts of performance after the cause for rescission had come to his knowledge. The rights of the parties should have been determined under the contract, as it was still in force. Defendant was not entitled to his expenses for selling any of the machines during the four months prescribed in the contract. After that period, defendant's expenses in peddling or selling the machines should have been allowed. The plaintiff will be entitled to a verdict for the full amount of the note, less payments, and less such sum as the evidence will show to be defendant's expenses in

selling the mills sold after the four months. The motion for judgment notwithstanding the verdict was properly denied. The evidence did not show definitely how many machines were sold during the four months, nor how many were sold thereafter, nor what would be the actual expenses of selling them. For the error in giving to the jury instructions on the theory that the contract had been rescinded, there must be a new trial.

The judgment is reversed, a new trial granted, and the cause remanded for further proceedings according to law.

KNAUF, J., concurs; ENGERUD, J., did not take part in the decision.