(117 N. W. 346.)

---

J. L. OWENS COMPANY v. THOMAS DOUGHTY.

Opinion filed April 22, 1908.

**Set-off and Counterclaim — Subsisting Right of Action.**

> Action on a promissory note. The answer admits the execution and delivery of the note and the amount due thereon, but alleges two counterclaims based upon a contract under which plaintiff agreed to reimburse defendant for the expenses incurred by the latter in effecting sales of certain fanning mills theretofore sold by plaintiff to defendant and for the purchase price of which the note in suit was given. The first counterclaim is for expenses theretofore incurred by defendant in making sales of seventeen of such mills. The second asks for the sum of $560 as the probable or estimated expense of effecting sales of twenty-eight mills which are still unsold and in defendant's possession. Plaintiff admitted the first counterclaim. The other one was stricken from the answer on plaintiff's motion, and judgment ordered on the pleadings in plaintiff's favor. *Held* not error, as no cause of action for the recovery of the expense of making sales in the future of the mills on hand had accrued under the terms of the contract.

Appeal from District Court, Foster County, *Burke, J.*

Action by the J. L. Owens Company against Thomas Doughty. Judgment for plaintiff, and defendant appeals. Affirmed.

*T. F. McCue,* for appellant.

*Turner & Wright,* for respondent.

FISK, J. This is an appeal from a judgment of the district court of Foster county. The suit is upon a promissory note for the sum of $1,010.50 executed and delivered by appellant to respondent on December 18, 1902, and upon which the sum of $424 was paid on November 1, 1903. The answer admits the execution and delivery of the note and the payment aforesaid, and by way of counter-claim alleges that said note was given as the purchase price of 60 fanning mills sold and delivered by plaintiff to defendant pursuant to the terms of a written contract by which plaintiff agreed to furnish a canvasser to sell said mills, and guaranteed that such mills would be sold in four months, and that any mills remaining unsold at the expiration of such time were to be sold by defendant at plaintiff's expense. A violation of said contract by plaintiff is alleged in the answer, in that but 10 of such mills were sold during said time. The answer also alleges that since the expiration of said four months the defendant sold 17 of such fanning mills, and that the reasonable value of services and expenses in making such sales is $10 per mill; and in paragraph 9 of said answer he alleges that he has on hand 28 of the mills, and that the expense of canvassing for purchasers thereof and in making sales of the same will be the sum of $20 per mill. When the case was called for trial in the district court, plaintiff moved to strike paragraph 9 aforesaid from the answer, which motion was granted. Thereupon plaintiff's counsel admitted in open court that it was reasonably worth, and that defendant expended in the sale of the 17 mills, the sum of $170, and moved for judgment upon the pleadings for the amount prayed for in the complaint, less said sum of $170, which motion was also granted, and judgment was thereafter duly entered in respondent's favor.

Appellant's assignments of error are predicated upon the court's rulings in striking out' said paragraph, and in ordering judgment aforesaid. These assignments are wholly without merit. It is too plain for discussion that no cause of action existed in defendant's favor for the recovery of the expense of selling said mills, and none can accrue until such expense has been incurred. The expense to

which defendant will be put in order to effect a sale of said mills is, of course, entirely problematical. The defendant, through his counterclaim, seeks to recover in advance the estimated cost and expense to him of effecting sales of the mills still on hand. Plaintiff did not agree to reimburse defendant except for the actual expenses incurred by him in making said sales. See opinion of this court on former appeal (Owens Co. v. Doughty, 16 N. D. 10, 110 N. W. 78). It is therefore entirely obvious that before defendant may recover for such expense the same must have been incurred. Not having sold the mills, no cause of action for the recovery of the expense has yet accrued. We cannot speculate upon what the probable expense will be of making such sales. The actual, not the probable, expense, is what plaintiff contracted to pay.

The plaintiff, having admitted defendant's first counterclaim, was clearly entitled to judgment on the pleadings as ordered.

Judgment affirmed. All concur.