HODGDON ET AL., Appellants, v. DAVIS, Respondent.

1. Mortgage — Foreclosure, Right of.

A mortgage given to secure the payment of a promissory note, with "interest payable annually," contained a provision that "in case default should be made in the payment of said sum of money or any part thereof, * * * then * * * the whole, principal and interest, of said note shall, at the option of the holder thereof, immediately become due and payable." *Held*, that on default in the payment of an installment of interest, the

holder, without notice of election, could foreclose by advertisement (a method allowed by statute) for the whole debt under a power to "sell * * * in the manner now or that may hereafter be provided by law."

**2. Sheriff — Deputy, Acts of.**

Under § 603, C. C. Pro., providing that foreclosure sales by advertisement "must be made * * * by the sheriff or his deputy," and § 606, providing "the officer * * * making the sale shall immediately give to the purchaser a certificate of sale." *Held*, that a sale and certificate by a deputy, not in the name of his principal, while "perhaps irregular," was valid.

**3. Usury.**

D. entered into a contract with H. whereby he loaned him a certain sum of money and took his note and mortgage therefor, which was also made to include a first mortgage on the property which D. agreed to pay off, and the entire debt bore interest at the highest rate allowed by law. At the time, D. did not pay off the first mortgage, which drew a much lower rate of interest. *Held*, the contract was not usurious.

(Argued and determined at the February Term, 1888.)

APPEAL from the district court, Minnehaha county; Hon. C. S. PALMER, Judge.

This was an action by Alfred M. and Emily J. Hodgdon, plaintiffs, against L. F. Davis, defendant, to set aside a foreclosure sale, and in the event that relief was denied, for an accounting and a right to redeem. The case was determined below by the sustaining of a demurrer to the complaint. The complaint alleged that on and prior to the 14th day of July, 1884, the plaintiffs were the owners of certain land on which, on the 25th day of July, 1883, they had given a mortgage to the Colonial and United States Mortgage Company for $2,530 drawing interest, payable annually, at the rate of 6½ % per annum, which said mortgage was due December 1, 1888; that said mortgage was duly recorded; that on said July 14, the plaintiffs, desiring more money, applied to defendant, and he loaned them $2,970, paying them $2,867.70, and took as security their note and a mortgage on the said premises for $5,500 bearing interest at the rate of 12 % per annum, payable annually, which said note and mortgage matured July 14, 1889; that at the time of the giving of the said mortgage, the defendant executed to the plaintiffs a bond in the sum of $4,000, conditioned to pay off the Colonial Company's note and mortgage; that the defendant has not

paid the said note and mortgage, excepting two installments of interest of $164.45, each, maturing December 1, 1884, and December 1, 1885 ; that of the first $165.45 paid, $102.30 was interest that had accrued on the said $2,530 on said July 14, and was not paid to plaintiffs, but was retained by defendant and not paid till December as aforesaid, and constituted a part of the said $5,500 ; that afterward, on the 30th day of July, 1885, the defendant commenced foreclosure proceedings by advertisement, assigning as a reason for such foreclosure default in the payment of the interest as provided in the note secured by said mortgage, and claiming $6,372.04 due thereon; that at the foreclosure sale, September 11, 1885, one Daniel S. Stinson, a deputy sheriff of the county, in his own name, as deputy sheriff, and not by, or in the name of the sheriff of said county, conducted the said sale and pretended to sell the said premises to the defendant for $6,603.28, and gave to him a certificate of sale, in his own name, as such deputy sheriff, which said certificate was afterward recorded ; that prior to the commencement of said foreclosure proceedings the defendant never gave the plaintiffs or either of them any notice of his election to declare the whole of said mortgage debt due; that the said property is of about the value of $13,000 is all the property plaintiffs have and a part of said premises is their homestead ; that upon their information and belief they allege that the said foreclosure was made by the defendant for the fraudulent purpose of depriving them of their property, and the defendant refuses to permit them to redeem except upon the payment of said $6,603.28, with interest, leaving the property incumbered by said first mortgage which defendant refuses to pay off; that by reason of the foregoing facts plaintiffs are unable to sell said premises except at a great sacrifice, or to make a loan thereon with which to redeem or pay off said incumbrance; that the plaintiffs offer in case it shall be adjudged that they are not entitled to have the said forclosure proceedings declared invalid, to pay to the defendant to redeem said premises such sum as shall be found to be due, and if that sum does not include the $2,530 mortgage they will surrender to defendant the said bond.

A copy of the mortgage was attached to the complaint and made a part thereof, and was conditioned that if the parties of

the first part, their heirs, executors or administrators should pay or cause to be paid to the said party of the " second part, his heirs and assigns, the full sum of $5,500, according to the tenor and effect of their one promissory note bearing even date herewith * * * due July 14, 1889, bearing interest at the rate of twelve per cent per annum, interest payable annually, then these presents to be void, otherwise to be and remain in full force. * * * And in case default shall be made in the payment of the said sum of money or any part thereof, at the time or times above specified for the payment thereof, * * * then and in either case, the whole, principal and interest, of said note shall, at the option of the holder thereof, immediately become due and payable, and it shall be lawful in such case for the said party of the second part, his heirs, executors, administrators or assigns, to grant, bargain, sell, release and convey the said premises, with the appurtenances thereunto belonging, at public auction in the manner now or that may hereafter be provided by law " for the purpose of satisfying the said indebtedness. The balance of the mortgage relates to the execution of the power of sale and the distribution of the proceeds which is not material to the questions involved.

There was a memorandum attached to the mortgage, which stated the items that went to make up the $5,500, and contained an agreement on the part of Davis to pay off the first mortgage on or before its maturity ; to save the parties of the first part harmless as against it or any interest thereon, and in the event he should fail so to do then the amount unpaid should be deducted from the $5,500. The agreement recited the fact that the $5,500 was to draw interest from date at the rate of twelve per cent.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and entered judgment dismissing the action, whereupon the defendant appealed.

*Boyce & Boyce*, for appellants.

To entitle a party to foreclose by advertisement there must be a power of sale in the mortgage and a default in some of its conditions. §§ 597, 598, C. C. Pro.; Everitt v. Buchanan, 2 Dak. 249, 267; Hickey v. Richards, 3 id. 345, 20 N. W. Rep. 428.

Under an identical statute in Michigan, see Hebert v. Bulte, 42 Mich. 761, 4 N. W. Rep. 215 ; Doyle v. Howard, 16 Mich. 261 ; Butler v. Ladue, 12 id. 173. There was no default. From the language used the whole debt could not be declared due on the failure to pay an installment of interest. The mortgage is conditioned for the payment of interest, but not before the maturity of the principal. Brodribb v. Tibbetts, 58 Cal. 6.

There was no interest due. The contract was usurious. § 1100, C. C. ; Wood v. Cuthbertson, 3 Dak. 328, 21 N. W. Rep. 3. It is enough to establish usury if there was a greater compensation than twelve per cent ; it matters not how it was to be received. Tyler, Usury, 101 ; Lee v. Peckham, 17 Wis. 394; Fiedler v. Darren, 50 N. Y. 437; Bank v. Owens, 2 Pet. 535 ; Cattle v. Haddox, 16 N. W. Rep. 841 ; Muir v. Newark, 1 C. E. Gr. 537 ; Dunham v. Dey, 13 Johns. 45. A computation shows appellants were to pay to respondent $139.15 per annum more than he was to pay to the first mortgagee, and there was no consideration for this except the $2,970 loan, which drew the highest rate of interest allowed by law.

Respondent gave to appellants no notice of his election to declare the whole amount due, other than by the publication of the notice of sale. The foreclosure was invalid for that reason. Basse v. Gallagher, 7 Wis. 442 ; Marine Bank v. International Bank, 9 id. 57.

If the sale and certificate are made by the deputy it must be in the name of the sheriff. Wilson v. Russell (Dak.), 31 N. W. Rep. 645 ; Albrecht v. Long, 25 Minn. 163; Robinson v. Hall, 5 Pac. Rep. 763 ; Anderson v. Brown, 9 Ohio, 151 ; Rowley v. Howard, 23 Cal. 401 ; Paddock v. Cameron, 8 Cow. 212 ; Jordon v. Terry, 33 Tex. 680 ; Murphree, § 76 ; Rorer, Jud. S., § 942.

The foreclosure proceedings were void as they were for an amount grossly in excess of what was due. If he had the right to foreclose at all, it would be for the amount he had advanced and interest only. Garnsey v. Rogers, 47 N. Y. 233; Freeman v. Auld, 44 Barb. 14; Fister v. Otis, 3 Pinney, 78 Jones, Mort., § 1801.

*Coughran & McMartin* (*Bailey & Davis* of counsel), for respondent.

There was an option to declare the whole debt due on a default in the payment of the interest. Scheibe v. Kennedy, 64 Wis. 564, 25 N. W. Rep. 646; Richard v. Holmes, 18 How. 143; West Branch Bank v. Chester, 11 Pa. St. 282; Pope v. Duran, 26 Ia. 233; Jones, §§ 1176, 1179, 1180.

The mortgage required no notice of election to be given. In such case none is necessary. Jones, § 1182; Buchanan v. Berkshire Ins. Co., 96 Ind. 510.

Usury does not invalidate a contract. Appellants could acquire no standing in a court of equity until they had offered to pay what was due. There is no allegation of usury, and nothing in the complaint from which a corrupt intent or agreement for usury can be inferred.

The notice, sale and certificate were sufficient. § 601, C. C. Pro.; Maxwell v. Newton, 65 Wis. 261; Lee v. Clary, 38 Mich. 227.

There was no offer to redeem. Jones, § 1095.

By the COURT:

1. This was a contract by which the defendant, in effect, loaned the plaintiff $5,500 by assuming to pay a prior mortgage of $2,632.30 and paying the remainder to them in cash. The mere fact that he did not, and could not, immediately pay off the mortgage which bore a lower rate of interest, cannot be construed to make defendant's contract usurious.

2. The sale at foreclosure by the deputy sheriff, while perhaps irregular in not using the name of his principal, was valid.

3. No further notice was necessary.

4. There was, under the terms of the mortgage, a breach of its conditions by a failure to pay interest as specified in the note.

The judgment is affirmed, all of the justices concurring.

REPORTER:— A petition for a rehearing was filed, and a rehearing denied at the May Term, 1888.