(102 N. W. 161.)

---

GEORGE O. HAUGEN v. OLE C. SKJERVHEIM.

Opinion filed January 5, 1905.

**Vendor and Purchaser — Annulment of Contract.**

1. A written contract for the sale of real estate may be annulled by parol, or abandoned by the parties thereto.

**Estoppel.**

2. An equitable estoppel by deed or in pais is not created or enforceable unless there has been a change in the situation of one of the parties in reliance on the deed or statements, followed by damage.

**Evidence.**

3. To create an estoppel, the evidence must be clear, and not a matter of inference.

**Abandonment.**

4. Evidence reviewed, and *held* to show an abandonment of a written contract for the sale of real estate, and not to show an estoppel.

Appeal from District Court, Grand Forks county; *Fisk,* J.

Action by George O. Haugen against Ole C. Skjervheim. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Bosard & Bosard,* for appellant.

A collateral covenant restraining the assigning of an agreement will not be enforced in equity where it appears in the contract that such restraint is but an incident to the objects of the principal covenants which have been substantially performed. Griggs v. Landis, 21 N. J. Eq. 494; Pomeroy on Contracts, (2d Ed.) chapter 1; Pomeroy on Specific Performance of Contracts, (2d Ed.) section 314; Ross v. Page, 11 N. D. 458, 92 N. W. 822.

Plaintiff furnished part of the seed for the land in the year 1903 and defendant did not refuse to deed this land until the fall of 1903. He was estopped both by deed and by matter in pais to set up or prove that the contract for sale had been by defendant and Hegre abandoned and not acted on. American G. & V. M. Co. v. Wood, 90 Me. 516, 43 L. R. A. 449; Caswell v. Fuller, 87 Me. 105; Stanwood v. McLellan, 48 Me. 275; Ripley v. Aetna Ins. Co., 30 N. Y. 136, 86 Am. Dec. 362; Marston v. Kennebec M. L. Ins. Co., 89 Me. 266, 56 Am. St. Rep. 412.

Where the true owner holds out another, or allows him to appear as the owner as having full power of disposition over the property, and innocent third parties are thus let into dealing with such apparent owner, they will be protected. McNeil v. Tenth National Bank, 46 N. Y. 325; Gregg v. Wells, 10 Ad. E. El. 90; Saltus v. Everett, 20 Wend. 268; Mowrey v. Walsh, 8 Cow. 238; Root v. French, 13 Wend. 570; Smith v. Clews, 105 N. Y. 283, 11 N. E. 632; Weaver

v. Barden, 49 N. Y. 286; Paddon v. Taylor, 44 N. Y. 371; Lindsay v. Cooper, 14 Ala. 170, 16 L. R. A. 813, 33 Am. St. Rep. 105.

*Skulason & Skulason,* for respondent.

If a contract by its terms is not transferable, it cannot be transferred, as this would be annulling an agreement which the parties had made. 2 Am. & Eng. Enc. Law 1035; La Rue v. Groezinger, 84 Cal. 281, 24 Pac. 42, 18 Am. St. Rep. 179.

The common-law rule as to the assignability of choses in action has been changed by statute. Section 1459, section 1044, section 1458, Rev. Codes 1899..

A contract may be assigned by the person to whom the money is payable if nothing in the contract which manifests the intention of the parties that it shall not be assigned. Board of Commissioners v. Diebold Safe & Lock Co., 133 U. S. 473, 10 Sup. Ct. Rep. 399; Jackson v. Sessions, 67 N. W. 315; Andrew v. Meyerdirck, 40 Atl. 173; City of Omaha v. Standard, 75 N. W. 859.

Courts uniformly hold that the evidence to establish estoppel by conduct or misrepresentation must be clear, precise and unequivocal. 11 Am. & Eng. Enc. Law, 424, and cases cited. Estoppel in pais has no application to interest in land. Showers v. Robinson, 5 N. W. 988.

A court of equity will not decree a specific performance of contract where the relief sought is not established by clear and convincing proof; nor unless the complainant can show that he has performed it in all its parts, or show just excuse for nonperformance, and the burden of proof is on the complainant to show his right to the relief by a clear preponderance of the evidence. Warvelle on Vendors, section 731; Pomeroy on Contracts (2d Ed.) section 136, 26 Am. & Eng. Enc. Law, 130.

The granting or refusing of specific performance rests within the sound discretion of the court. Warvelle on Vendors, section 731; Pomeroy on Contracts (2d Ed.) sections 35-46; 20 Enc. Pl. & Pr. 390; Skeen v. Patterson, 54 N. E. 196; Maltby v. Thews, 49 N. E. 486; Clipson v. Villars, 37 N. E. 695; Crandall v. Willig, 46 N. E. 755; Reid v. Mix, 55 L. R. A. 706; Davenport v. Latimer, 31 S. E. 630; Dewey v. Spring Valley Land Co., 73 N. W. 565; McGrillis v. Copp, 12 So. 643; City of New Orleans v. N. O. & N. E. Ry., 10 So. 401; 3 Pom. Eq. Jur., section 1404; Atchinson, etc., Co. v. Chicago & W. I. R. Co., 44 N. E. 823; Kelly v. York Cliffs Implement Co., 47 Atl. 898.

Equity will not enforce a contract when to do so would work a hardship. Pomeroy on Contracts (2d Ed.) section 185; Warvelle on Vendors, section 731; Easton v. Lockhart, 10 N. D. 181, 86 N. W. 697.

MORGAN, C. J. The plaintiff seeks to compel the defendant to specifically perform a written contract for the sale of real estate upon what is commonly called the "crop-payment plan." The contract was entered into between the defendant and one Hegre on the 4th day of May, 1898, and filed for record by the defendant on June 27, 1899, in the office of the register of deeds of Grand Forks county. The contract provided that said Hegre should pay $2,850 for the land (160 acres), by delivering at a specified elevator, in defendant's name, not less than one-half of all the crops grown on said land, free of all expense to defendant. At the time said contract was entered into, said Hegre was farming said land, and eighty acres adjoining the same, as defendant's tenant, under a written lease, which had also been filed for record. The written contract contained no stipulations, nor mention of said lease. In 1898 and 1899 the 160 acres and the eighty acres adjoining were cropped by Hegre, and the one-half crop raised on the 240 acres turned over to the defendant, without any accounting or settlement as to which portion should be applied on the contract, and what portion on the lease. Under the terms of the lease, defendant was to furnish the seed grain and pay a part of the expenses of threshing, and was to receive one-half of the crop. In the fall of 1899, or the winter of 1900, Hegre was not able to pay the threshing bill, and was not able to furnish the seed grain for the 1900 crop, and agreed to give up the contract of sale, and to continue to occupy the land and cultivate it under the lease, and the contract was thereafter abandoned, and the lease became the instrument under which the 240 acres was occupied and cultivated by Hegre as defendant's tenant. The defendant positively testifies to these facts. Hegre does not expressly deny them. On the contrary, his testimony at least sustained defendant's testimony on this point, so far as they acted under the terms of the lease, although he says, in effect, that the contract was not abandoned by express agreement. The record amply sustains the contention that the contract was abandoned, and that the lease was acted upon entirely in the accounting and annual settlements between the parties. The defendant annually furnished the seed, and

paid his share of the threshing bill. He gave directions in regard to the farming operations, and they were followed by Hegre. He built a barn upon the place after 1899 at a cost of about $300. He dug wells on the place at considerable expense. He paid the taxes. He repaired the dwelling house and moved it to a better location. In all, he expended over $400 in improvements on the farm. He was not required to make these improvements. They were made without any agreement or expectation of being reimbursed therefor, and were made by him as the owner of the land. He was not required to do any of these things under the contract, and such acts, acquiesced in by Hegre, are inconsistent with the fact that they were acting under the sale contract. These facts, together with defendant's positive testimony, amply sustain the fact that the contract of sale was abandoned by mutual agreement and consent. The trial court so found as follows: "That in the fall of 1899, after the close of the farming season for that year, at Northwood, North Dakota, the said B. J. Hegre and the defendant mutually agreed to abandon said contract of sale, and to be no longer in any manner bound by any of its terms; that said vendee having concluded that, by reason of lack of means, he would be unable to fulfill its terms on his part." "That during said years 1900, 1901, 1902 and 1903, it was understood between the defendant and the said Hegre that the latter occupied all of the said premises as a tenant of the defendant, and that said parties were in no manner acting in pursuance of the terms of said contract of sale, but were in all things following the aforesaid lease."

A written contract for the sale of land may be abandoned or annulled by the parties thereto by parol agreement. This has been recently decided by this court in Mahon v. Leech, 11 N. D. 181, 90 N. W. 807, and followed later in Wadge v. Kittleson, 12 N. D. 452, 97 N. W. 856.

In April, 1903, Hegre assigned the contract of sale to the plaintiff, Haugen, and also conveyed to him, by quitclaim deed, the 160 acres covered by the contract of sale. The consideration recited in the deed is the sum of $2,000. There is no evidence outside of the deed that any payment was made of said sum, or any part thereof. Hegre remained in possession of the land thereafter. Soon after this assignment was made and the deed given, Haugen interviewed the defendant, and informed him that he had bought the land, and asked him how much Hegre owed him on the contract, and stated that he was willing to pay whatever sum remained

unpaid. He was informed by the defendant that he did not know how much was unpaid, as his papers were not with him, and that he had no account of it, but that he would get it in a week or two, and come down and settle with him on the contract; that Hegre owed him about $100 besides. Haugen said he would pay this also. Defendant also stated· to him that it would make no difference to him where he would get his money. On these facts, plaintiff claims that defendant is estopped from now asserting that the written contract had been annulled or abandoned by the parties before the assignment and deed were given to the plaintiff.

The contract of sale was filed for record, but no estoppel was thereby raised, by reason of which defendant is prevented from showing a change in the contract. The recording of it did not affect the title in any way. If defendant is estopped by virtue of having recorded it, he would be by virtue of having entered into the contract. The evidence fails to show that plaintiff was misled or in any way deceived by, or at all relied upon, such record, when he took an assignment from Hegre. The contract was an executory one, under which a deed was not to be given until all payments were made. The contract stated nothing to the effect that performance of the contract had been fully made. If plaintiff paid anything for the assignment, he was not warranted in so doing from any allegations of the contract. As to the material matter of performance, or whether a different agreement had been consummated, the contract, as recorded, had no binding effect upon any one, more than to put everybody upon inquiry. The record of it was notice of no fact as to the title to the land, except that such a contract was entered into at some time. No authorities are cited to sustain this contention, and none have been found.

What occurred between the parties after the assignment was made is equally ineffectual as grounds on which to assert an estoppel. Such a claim is conclusively answered by the statement of the fact that plaintiff parted with nothing on the strength of what was there stated. If he parted with anything at all on the transaction, it was done before this conversation. He does not claim that he took the deed on the strength of the recording of the contract, nor that he was in any way deceived or misled, or paid anything in reliance on what was said by the defendant when interviewed after he had taken the assignment. The evidence therefore fails to show any facts essential to an estoppel in pais. There was no change of

position by reason of what was said, nor damage. Herman on Estoppel, section 3.

It is intimated that plaintiff furnished Hegre the seed wheat in 1903 on the strength of the statement made by the defendant. The record does not sustain any such contention. It is not shown that he furnished all the seed, and not shown that he was not paid for it, to say nothing of the fact that it is not shown that it was furnished in reliance on the statements made by defendant. Nor is it shown whether such seed grain was furnished before or after the assignment. To enforce an estoppel, the proof must be clear. It will not be inferred. Herman on Estoppel, section 969; 11 Enc. of Law, p. 424. There is no evidence showing any act done by the plaintiff after the assignment on which an estoppel can be based. What was said by defendant and plaintiff during this conversation has no binding force either as a contract or ratification or an estoppel. Defendant could not have enforced payment of the unpaid purchase money by reason of what plaintiff there stated, and the same is true as to the plaintiff.

After a review of all the evidence under section 5630, Rev. Codes 1899, the judgment is affirmed. All concur.