# ARCHIBALD A. DOOLITTLE v. HERMAN NURNBERG.

(147 N. W. 400.)

**Foreclosure of mortgage — action — default in payment — waiver — estoppel — defense — necessary allegations and proof wanting.**

1. In an action to foreclose a mortgage on real property given to secure the payment of $22,500 and interest, represented by four promissory notes given in payment of a portion of the purchase price of the property mortgaged, defendant interposed the defense that plaintiff waived the default in the payment of the first note, due April 1, 1911, and that he is estopped from foreclosing

for such default. The trial court held adversely to defendant's contention, and on a trial *de novo* in this court it is held that such defense is without merit, the same not having been either properly alleged or proved.

**Mortgage — usual stipulations — default — foreclosure — payment of interest — principal due in part — acceptance of interest — not a waiver of right to foreclose.**

2. The mortgage contains the usual stipulation that if default be made in the payment of any sum or the interest when due, it shall be lawful for the mortgagee to foreclose. Also a further stipulation that in case of default in the payment of interest or any instalment of principal, the mortgagee may declare the whole sum due. Sometime after default had occurred in the payment of the interest and principal due on April 1, 1911, defendant mailed to plaintiff a draft for the overdue interest, but paid no part of the principal then due.

*Held*, that the acceptance of the draft for interest did not operate as a waiver of plaintiff's right to foreclose the mortgage for the amount of the principal.

**Default — part payment — foreclosure for full amount secured — election by mortgage — sufficient — personal notice to mortgagor for, necessary.**

3. The commencement of the foreclosure proceedings for the collection of the full amount secured by the mortgage was a sufficient exercise by the mortgagee of his election to declare the entire sum due on account of the default in the payment of the first instalment. Under the terms of the mortgage it was not incumbent upon him to give the mortgagor personal notice of his election to declare the entire sum due.

**Answer — counterclaims — right of way — dedication — breach of covenants — damages — evidence — proof.**

4. Two counterclaims contained in the answer, in which defendant seeks to recover damages for a breach of covenant in the deed of the premises from plaintiff to him because of an alleged dedication by plaintiff of a right of way over a portion of the property, considered, and *held* without merit for the reason that the proof fails to establish the fact of such dedication as alleged, or at all.

Opinion filed April 29, 1914.

Appeal from District Court, Stutsman County, *J. A. Coffey,* J.

Action in foreclosure. From a judgment in plaintiff's favor, defendant appeals.

Affirmed.

*Oscar J. Seiler* and *A. W. Aylmer,* for appellant.

This action should be dismissed because plaintiff had waived his

right of election to declare the whole sum secured by the mortgage due, and to foreclose for same. Van Vlissingen v. Lenz, 171 Ill. 162, 49 N. E. 423.

The right to declare the whole sum due on account of partial default must be exercised with promptness. Such right may be lost by laches. 27 Cyc. 1533, note 62.

The default contemplated in the mortgage may be waived by parol agreement; and neither a court of equity nor of law will enforce a forfeiture or credit, under such parol agreement. 2 Jones, Mortg. p. 140; Van Syckle v. O'Hearn, 50 N. J. Eq. 173, 24 Atl. 1024; Albert v. Grosvenor Invest. Co. L. R. 3 Q. B. 127, 8 Best & S. 664, 37 L. J. Q. B. N. S. 24.

The actions of a party may constitute a complete waiver of the default, and estop him to proceed to declare the whole sum due, and to foreclose. 16 Cyc. 144; National Land Co. v. Terry, 23 Kan. 140; Adams v. Rutherford, 13 Or. 78, 8 Pac. 896.

Where one by his conduct induces another to act on the supposition that certain conditions exist, he will not be heard to deny their existence, to the damage of one who has relied upon such conduct. Anthes v. Schroeder, 74 Neb. 172, 103 N. W. 1072; Larson v. Anderson, 74 Neb. 361, 104 N. W. 925; Decker v. Sexton, 19 Misc. 59, 43 N. Y. Supp. 167; McDonald v. Beatty, 9 N. D. 293, 83 N. W. 224; Hanson v. Hanson Hardware Co. 23 N. D. 169, 135 N. W. 767; 16 Cyc. 87.

The intention of the plaintiff to grant an extension is wholly immaterial. The question is, Was his conduct such as to mislead defendant to his damage? 40 Cyc. 262 (14); Hyatt v. Zion, 102 Va. 909, 48 S. E. 1; Broderick v. Smith, 26 Barb. 539; Keator v. Ferguson, 20 S. D. 473, 129 Am. St. Rep. 947, 107 N. W. 678; Millis v. Ellis, 109 Minn. 81, 122 N. W. 1119; Staats v. Wilson, 76 Neb. 210, 109 N. W. 379.

Equity will step in to prevent fraud and damages resulting. 27 Cyc. 1452, notes 66, 67.

Where a grantor conveys real property with full covenants of warranty, when he has neither title nor possession, there is at once a constructive eviction of the grantee, which entitles him to the same rem-

edies as though actually evicted. Burleigh County v. Rhud, 23 N. D. 362, 136 N. W. 1082; Dahl v. Stakke, 12 N. D. 325, 96 N. W. 353.

There was a partial failure of consideration, and such defense is proper in an action to foreclose. Smith v. Gaub, 19 N. D. 337, 123 N. W. 827; Sweet v. Howell, 96 App. Div. 45, 89 N. Y. Supp. 21; 20 Decen. Dig. Vendor & Purchaser, § 351 (g).

The plaintiff had dedicated a portion of the land conveyed to the defendant, to the public, before he conveyed to defendant. 13 Cyc. 476 (79), (81), (84), 478 (18), 479 (23), 480–483 (43), 493; Mason v. Sioux Falls, 2 S. D. 640, 39 Am. St. Rep. 802, 51 N. W. 770; Lauer v. Lauer Brewing Co. 180 Pa. 593, 37 Atl. 87; Collins v. Asheville Land Co. 128 N. C. 563, 83 Am. St. Rep. 720, 39 S. E. 21; Watertown v. Troeh, 25 S. D. 21, 125 N. W. 501.

The public had made acceptance of such dedication by constant user. Mason v. Sioux Falls, 2 S. D. 640, 39 Am. St. Rep. 802, 51 N. W. 770; Watertown v. Troeh, 25 S. D. 21, 125 N. W. 501; Larson v. Chicago, M. & St. P. R. Co. 19 S. D. 284, 103 N. W. 35; Stephens v. Boyd, — Iowa, —, 138 N. W. 389; Kane v. Templin, — Iowa, —, 138 N. W. 901; 39 Cyc. 1947 (34), 1948 (42).

*Carr & Kneeland,* for respondent.

An agreement to extend the time of payment must be based upon a valid and sufficient consideration, and for a definite period of time. 7 Cyc. 897, 900; 8 Cyc. 158, and note 36; Gaar, S. & Co. v. Green, 6 N. D. 48, 68 N. W. 318.

A promise to do nothing more than one is already legally bound to do is no consideration. Ibid.

The allegations in the answer do not constitute any defense. Rev. Codes 1905, § 6858.

It is improper to allow an amendment to a pleading, which sets up a new and different cause of action from that originally pleaded. Woodward v. Northern P. R. Co. 16 N. D. 38, 111 N. W. 627.

An amended answer changing the defense and alleging fraud should not be allowed. Haag v. Burns, 22 S. D. 51, 115 N. W. 104.

The right to amend must be timely asserted and claimed. 31 Cyc. 394–396.

If the entire pleading fails to state a cause of action, no amendment

so as to state a cause is permissible. 31 Cyc. 407, and note 76, 409, 423; Mares v. Wormington, 8 N. D. 329, 79 N. W. 441.

There must be a valid and sufficient consideration to support an agreement for an extension, and such must be pleaded. This rule also applies to a waiver. 7 Cyc. 897, 900; 8 Cyc. 178, and note 36; 9 Cyc. 347, 349; Gaar, S. & Co. v. Green, 6 N. D. 48, 68 N. W. 318.

Estoppel is not raised by inference or argument. It must rest on facts and the facts must be pleaded and proved. 16 Cyc. 748, and note 42.

Mere silence at a time when there is no occasion to speak does not constitute a waiver, nor is it evidence from which a waiver may be inferred. 40 Cyc. 261–263.

Waiver must be proved by the party claiming it, by such evidence as well not leave the matter in doubt or uncertain. 40 Cyc. 269.

Conduct that misleads no one is not a waiver. People ex rel. Mc-Bride v. Atchinson, 68 Misc. 115, 123 N. Y. Supp. 577; 40 Cyc. 269.

To constitute estoppel, the representation must be such as to induce a man of ordinary prudence to act therein. Hefner v. Vandolah, 57 Ill. 520, 11 Am. Rep. 39; Howe Mach. Co. v. Farrington, 82 N. Y. 121.

A person is not estopped by his silence, where there is no positive duty to speak. Bramble v. Kingsbury, 39 Ark. 131; Terre Haute & S. E. R. Co. v. Rodel, 89 Ind. 128, 46 Am. Rep. 164; Viele v. Judson, 82 N. Y. 32.

Nor can the meaning of a representation be enlarged so as to create an estoppel. 7 Am. & Eng. Enc. Law, 24; Henry v. Gilliland, 103 Ind. 177, 2 N. E. 360; Haugen v. Skjervheim, 13 N. D. 616, 102 N. W. 311; Irvin v. Nashville, C. & St. L. R. Co. 92 Ill. 103, 34 Am. Rep. 116.

The commencement of foreclosure of a mortgage, where the notice shows that the entire sum is claimed to be due, is sufficient notice of election to declare the whole sum due, without previous notice to the mortgagor. 27 Cyc. 1524; Hodgdon v. Davis, 6 Dak. 21, 50 N. W. 478; Brown v. McKay, 151 Ill. 315, 37 N. E. 1037; Owen v. Occidental Bldg. & L. Asso. 55 Ill. App. 347; Fowler v. Woodward, 26 Minn. 347, 4 N. W. 231; Swearingen v. Lahner, 93 Iowa, 147, 26 L.R.A. 765, 57 Am. St. Rep. 261, 61 N. W. 431; Hawes v. Detroit

F. & M. Ins. Co. 109 Mich. 324, 63 Am. St. Rep. 581, 67 N. W. 329.

Acceptance of interest due does not waive the default in payment of matured instalments of principal. Northwestern Mut. L. Ins. Co. v. Butler, 57 Neb. 198, 77 N. W. 667; National L. Ins. Co. v. Butler, 61 Neb. 449, 87 Am. St. Rep. 462, 85 N. W. 437.

Respondent's foreclosure was timely begun. Wheeler & W. Co. v. Howard (C. C.) 28 Fed. 741; Fletcher v. Dennison, 101 Cal. 292, 35 Pac. 868; Moore v. Sargent, 112 Ind. 484, 14 N. E. 466.

There was no express waiver, and had there been, it would be without consideration. Baldwin Invest. Co. v. Bailey, 45 Neb. 580, 63 N. W. 847; Post v. Industrial Land Development Co. — N. J. Eq. —, 34 Atl. 137; Smith v. Hooton, 3 Pa. Dist. R. 250; Hewett v. Dean, 3 Cal. Unrep. 385, 25 Pac. 753.

There was no waiver by inference or implication. 27 Cyc. 1532.

There was no dedication to the public of any part of the land conveyed. A mere permissive use by the public, of a piece of ground used by one's self in his business, is no dedication. Chicago v. Chicago, R. I. & P. R. Co. 152 Ill. 561, 38 N. E. 768; Weiss v. South Bethlehem, 136 Pa. 294, 20 Atl. 801; Frankford & S. P. City Pass. R. Co. v. Philadelphia, 175 Pa. 120, 34 Atl. 577; Com. v. Philadelphia & R. R. Co. 135 Pa. 256, 19 Atl. 1051.

A mere courtesy can never grow or ripen into a right. Harper v. Dodds, 3 Ill. App. 331; State v. Tucker, 36 Iowa, 485; Witter v. Harvey, 1 M'Cord, L. 67, 10 Am. Dec. 650; People v. Livingston, 27 Hun, 105; Root v. Com. 98 Pa. 170, 42 Am. Rep. 614; State v. Green, 41 Iowa, 693; Jones v. Phillips, 59 Ark. 35, 26 S. W. 386; Sharp v. Mynatt, 1 Lea, 375; Com. v. Kelly, 8 Gratt. 632; Dicken v. Liverpool Salt & Coal Co. 41 W. Va. 511, 23 S. E. 582; Cooper v. Monterey County, 104 Cal. 437, 38 Pac. 106, 311; 19 Am. & Eng. Enc. Law, 105, 367; State v. Mitchell, 58 Iowa, 567, 12 N. W. 598; Speir v. New Utrecht, 121 N. Y. 420, 24 N. E. 692; Durgin v. Lowell, 3 Allen, 398; Burleigh County v. Rhud, 23 N. D. 362, 136 N. W. 1082; Hall v. McLeod, 2 Met. (Ky.) 98, 74 Am. Dec. 400; Stewart v. Frink, 94 N. C. 487, 55 Am. Rep. 619; Silva v. Spangler, 5 Cal. Unrep. 277, 43 Pac. 617; Kyle v. Logan, 87 Ill. 64; Fisk v. Havana, 88 Ill. 209; Chicago v. Chicago, R. I. & P. R. Co. 152 Ill. 561, 38 N. E. 768;

5 Am & Eng. Enc. Law, 402; Gowen v. Philadelphia Exch. Co. 5 Watts & S. 141, 40 Am. Dec. 489; Stacey v. Miller, 14 Mo. 478, 55 Am. Dec. 112; Boeres v. Strader, 1 Cin. Sup. Ct. Rep. 57; Griffin's Appeal, 109 Pa. 150; Ramthun v. Halfman, 58 Tex. 551; Niles v. Los Angeles, 125 Cal. 572, 58 Pac. 190; Williams v. New York & N. H. R. Co. 39 Conn. 509; Hemingway v. Chicago, 60 Ill. 324; Illinois Ins. Co. v. Littlefield, 67 Ill. 368; State v. Tucker, 36 Iowa, 485; White v. Bradley, 66 Me. 254; Hutto v. Tindall, 6 Rich. L. 396; Fox v. Virgin, 11 Ill. App. 513; Worthington v. Wade, 82 Tex. 26, 17 S. W. 520; Verona v. Allegheny Valley R. Co. 152 Pa. 368, 25 Atl. 518; City Cemetery Asso. v. Meninger, 14 Kan. 312; State v. Nudd, 23 N. H. 327; Saulet v. New Orleans, 10 La. Ann. 81; Morgan v. Lombard, 26 La. Ann. 462; Cyr v. Madore, 73 Me. 53; Bowman v. Wickliffe, 15 B. Mon. 84; Beall v. Clore, 6 Bush, 676; Harding v. Hale, 61 Ill. 192; Nelson v. Madison, 3 Biss. 244, Fed. Cas. No. 10,110; Curtis v. La Grande Hydraulic Water Co. 20 Or. 34, 10 L.R.A. 484, 23 Pac. 808, 25 Pac. 378, and cases cited; 13 Cyc. 483, 488, and cases cited; Lewis v. Portland, 25 Or. 133, 22 L.R.A. 736, 42 Am. St. Rep. 772, 35 Pac. 256; Irwin v. Dixion, 9 How. 10, 13 L. ed. 25; Hogue v. Albina, 20 Or. 182, 10 L.R.A. 673, 25 Pac. 386; Steele v. Sullivan, 70 Ala. 589; Chicago v. Stinson, 124 Ill. 510, 17 N. E. 43; Talbott v. Grace, 30 Ind. 389, 95 Am. Dec. 703.

The acts of the owner are always competent on the question of intent to dedicate. Re Hand Street, 52 Hun, 206, 5 N. Y. Supp. 158; 13 Cyc. 473, 474; Starr v. People, 17 Colo. 458, 30 Pac. 64.

In foreclosure suit, uncertain and unliquidated damages will not be allowed as an offset. Hattier v. Etinaud, 2 Desauss. Eq. 570.

Fisk, J. Action to foreclose a mortgage upon certain real property in the city of Jamestown. The mortgage was given to secure deferred payments on the purchase price of the property, which was sold by plaintiff to the defendant at the agreed price of $32,500, defendant paying $10,000 in cash at the time of his purchase, and giving four promissory notes, three for $5,000 each, and one for $7,500, payable in one, two, three, and four years respectively, which notes are dated April 1, 1910.

The complaint is in the usual form, and the amended answer upon

which the case was tried contains a qualified general denial, admitting the execution and delivery of the notes aforesaid, and also the mortgage sought to be foreclosed. It is also therein admitted that plaintiff is the owner and holder of the notes, and that no part thereof has been paid except the interest due October 1, 1910, and April 1, 1911. Then follow certain allegations of evidentiary matters claimed to constitute a waiver by plaintiff of the strict terms of the mortgage, and of his right to declare the whole sum due thereunder in case of default in the payment of an instalment of the indebtedness. Such answer also contains three alleged counterclaims. By the first, defendant seeks to recover from plaintiff the sum of $2,000 as damages for alleged fraud, deceit, and misrepresentations respecting the condition and repair of the building and heating plant therein, on the property purchased. By the second counterclaim defendant seeks to recover from plaintiff the sum of $10,000 as damages for the breach of an express covenant in the deed executed and delivered by plaintiff to defendant of such property, warranting title in fee and free from encumbrances, it being alleged that there was a breach of such covenant because of an alleged easement in the public in certain of the property as an alley or passage way. The third counterclaim is the same as the second, with the exception that it is based upon the breach of an alleged implied covenant in such deed, that plaintiff was the owner of and had the right to convey the fee-simple title of said property to defendant.

Plaintiff had judgment in the court below for the full relief prayed for, and defendant has appealed to this court, and demands a trial *de novo* of the entire case.

After a careful consideration of the record and of the briefs and arguments of counsel, we are agreed that the trial court correctly found the facts in respondent's favor upon all the issues. Indeed, as we view the record, there is no serious conflict in the testimony, the facts being practically undisputed. It is equally clear, we think, that the lower court correctly decided all questions of law. The judgment appealed from must, therefore, be affirmed, and it only remains for us to briefly state our reasons for such conclusion.

As before stated, the notes bear date April 1, 1910, and were given as part payment of the purchase price of the property covered by the mortgage. These notes each bear interest at the rate of 6 per cent per an-

num, payable semiannually. The first instalment of interest, amounting to $675, became due October 1, 1910, and was paid about that date. The second instalment of interest and the first note of $5,000 became due April 1, 1911, but defendant failed to pay the same or any part thereof, but on March 31, 1911, he telegraphed plaintiff, stating that he could not meet such instalments on April 1st, and asked for an extension of ninety days in which to pay the same. On the next day, April 1, 1911, plaintiff wired defendant in reply that if he, defendant, wired plaintiff on Monday, April 3d, that he had paid the taxes and had mailed the plaintiff a draft for the interest then due, he would extend the time of payment of the $5,000 note then due, as requested by defendant. Defendant admits that he did not comply with the offer thus made, but mailed a check for such interest, dating the same sixty days ahead. This check reached plaintiff at Los Angeles, California, about April 11th, and plaintiff declined its acceptance, returning the same, and informing defendant that since he did not accept plaintiff's offer of date April 1st, such offer was withdrawn, and defendant was then notified that unless the interest and principal due on April 1, 1911, were paid at once, foreclosure proceedings would be commenced. In plaintiff's letter to defendant conveying such information he also made another offer to the effect that if defendant would pay the sum of $2,500 and interest at once, he (plaintiff) might accept it and give defendant until July 1, 1911, in which to pay the remainder of such instalment, to wit, $2,500. Plaintiff also stated in such letter that "if you want to save expense you will have to act very promptly, as I am now arranging with an attorney for foreclosure." Defendant did not accept this proposition, but on April 17, 1911, replied by letter, stating that it was impossible for him to comply with it, and asking for an extension for thirty days. No reply was made by plaintiff to this letter. It is not contended that any other communications were had between these parties relative to the extension of time for the payment of such instalment. Concededly, defendant never accepted either of the propositions made by the plaintiff, nor did he comply with either of plaintiff's offers aforesaid. On April 20, 1911, defendant mailed plaintiff a draft for the interest due April 1st, but did not pay any of the instalment of principal then due. Upon such failure of defendant to accept or comply with plaintiff's offer contained in his letter of

April 11th, plaintiff began foreclosure proceedings by advertisement, the first publication of the notice of sale being on May 1, 1911. On June 3d, defendant presented an affidavit to the district court, setting forth that he had been granted an extension of time for the payment of such instalment, and praying for an order restraining foreclosure by advertisement, whereupon the district court enjoined such foreclosure, and required further proceedings to be had by action in the district court. Thereafter, and on July 3d, this action was commenced. The record discloses that defendant at no time has offered to pay or tender any portion of the indebtedness thus due, and at the present time the entire sum of $22,500, with interest, is due and payable.

The mortgage contains the usual stipulation that "if default be made in the payment of said sum of money, or the interest, or the taxes, or said sums paid for insurance, or any part thereof, at the time and in the manner hereinbefore or hereinafter specified for the payment thereof," it shall be lawful for the party of the second part to foreclose and sell the premises, etc. It further provides that "if default be made by the party of the first part (the mortgagor) in any of the foregoing provisions, it shall be lawful for the party of the second part, his heirs, executors, administrators, or assigns, or his attorney, to declare the whole sum above specified to be due."

It is entirely plain to us that defendant has wholly failed, either to properly allege or prove facts showing any extension of time for the payment of the instalment due on April 1, 1911, and it is equally clear that he has failed to allege or prove any facts to warrant the court in holding that plaintiff waived his strict legal rights under the mortgage, or is in any way estopped from asserting such rights in this action. The proof falls far short of establishing a waiver, either express or implied, of plaintiff's rights under the mortgage. The communications passing between these parties furnish conclusive proof that there was no intention on respondent's part to waive any of his rights under the mortgage, either to foreclose or to declare the whole sum due. Nor does the evidence disclose any acts or conduct on respondent's part from which it can be successfully contended that an implied waiver of such rights took place. Respondent at all times asserted his right to foreclose the mortgage, and in his last communication to appellant the latter was clearly informed of the contemplated foreclosure proceedings. De-

fendant could not possibly have understood from the communications of plaintiff that he intended to or did waive his strict legal rights under the mortgage. It is elementary that a waiver can take place only by the intention of the party, and such intention must be clearly made to appear. 40 Cyc. 261–263. Plaintiff's failure to reply to defendant's last communication did not justify defendant in the belief that plaintiff had waived his rights. Plaintiff was not bound to make any reply.. He had already spoken most emphatically in his last communication to appellant, stating, as we have above observed, that "if you want to save expense you will have to act very promptly, as I am now arranging with an attorney for foreclosure." Upon the question of waiver see also 40 Cyc. 269, and People ex rel. McBride v. Atchinson, 68 Misc. 115, 123 N. Y. Supp. 577.

Appellant does not contend that there is any proof of plaintiff's intention to grant an extension of time for the payment of such instalment, or that plaintiff intended to waive any of his rights under the mortgage, but he asserts that appellant believed that such extension and waiver would be granted. In other words, he invokes the rule of estoppel, but it is perfectly clear from the record that no such estoppel has been established. Defendant, as a reasonable person, had no right to assume or believe that plaintiff would grant any concessions to him other than upon the terms of his offer, which were very explicit, and, concededly, defendant did not comply therewith. As to what is essential to create an estoppel see Haugen v. Skjervheim, 13 N. D. 616, 102 N. W. 311.

Plaintiff's exercise of his election to declare the entire sum due on account of the default in the payment of the first instalment was, we think, sufficient. 27 Cyc. 1524; Hodgdon v. Davis, 6 Dak. 21, 50 N. W. 478; Brown v. McKay, 151 Ill. 315, 37 N. E. 1037. We refrain from citing other authorities, for the rule is well settled, and the authorities from numerous states are collected in 27 Cyc. 1524. We quote from the text from Cyc. as follows: "If the mortgage itself requires that the mortgagor shall be notified of the mortgagee's election and determination to make the entire indebtedness fall due upon a partial default, some explicit and sufficient form of notice will be required. But in the absence of such a provision no notice to the mortgagor is necessary, nor any demand of payment before suit; the

commencement of a suit for foreclosure of the entire mortgage is a sufficient declaration of the mortgagee's intention, and is all the notice to which the mortgagor is entitled."

The acceptance by plaintiff of the draft for past-due interest did not operate as a waiver by him of the default in the payment of the past-due instalment note. This was expressly held by the supreme court of Nebraska in Northwestern Mut. L. Ins. Co. v. Butler, 57 Neb. 198, 77 N. W. 667, where the court said: "That a payment of interest had been received after such default did not constitute a waiver of the right to enforce for the defaults in the payments of instalments of principal."

We deem it wholly unnecessary, as well as useless, to add anything further with respect to the alleged defenses urged by appellant, and we will now briefly notice the counterclaims.

We are forcibly impressed from this record that these alleged counterclaims were not interposed in good faith. The original answer in the case was merely a general denial, and the counterclaims were interposed at the commencement of the trial in a second amended answer. The first counterclaim apparently was abandoned before the briefs were prepared, for it is not argued in such brief, and we need not notice the same. The second and third counterclaims were practically abandoned at the argument of the case in this court, and no extended notice thereof need be taken. These counterclaims are assumed to be predicated upon the fact of an implied dedication to the public of an easement over the east portion of lot 9, being one of the four lots mortgaged. There is no foundation whatever in the evidence for such claim, and while the burden of proof to establish such fact was with the defendant, his counsel does not seriously contend that there is any evidence to establish such dedication. It will therefore serve no purpose to consider the many authorities cited in the briefs pertaining to the question of implied dedications of real property, and we shall refrain from so doing. Suffice it to say that, after a careful consideration of the various contentions of appellant and the authorities cited in support thereof, we are entirely agreed that such contentions are devoid of merit, and we have no hesitation in concluding that the decision of the trial court was in all particulars correct. It follows that the judgment appealed from must be, and the same is hereby affirmed.