WARREN P. KNOWLES, Respondent, v. DWIGHT TUTTLE, Ernest McHaffie, Anna D. Knowles, Adelbert Older, and Araminta Older. ADELBERT OLDER and Araminta Older, Appellants.

(220 N. W. 623.)

Opinion filed July 3, 1928. Rehearing denied July 28, 1928.

*W. A. Burke* (*J. C. Adamson* of counsel), for appellants.
*Bangs, Hamilton & Bangs,* for respondent.

BURR, J.   This is an action to foreclose a mortgage on real estate.
Within the State personal service of the summons and complaint was
had upon the defendants Adelbert Older and Araminta Older and of
the summons on Ernest McHaffie.   The record shows admission of
service by Anna D. Knowles and service of the summons and complaint
upon the defendant Dwight Tuttle in the state of Wisconsin on the
21st day of October, 1927.   None of the defendants McHaffie, Anna
D. Knowles, and Tuttle appear in the case.

The plaintiff alleges that on the 28th day of November, 1923, the
defendant Dwight Tuttle gave his promissory note to the defendant
Ernest McHaffie for $10,000 and in said note promised to pay the
said sum in "installments of $50 each, payable monthly after date"
with interest "at the rate of 6 per cent per annum until paid.   Interest
payable semi-annually;" that to secure the payment of said note Tuttle
executed to McHaffie a mortgage upon the following real estate situated
in the county of Nelson, state of North Dakota, to wit:

"All that portion of lots numbered twenty-three (23), twenty-four
(24), twenty-five (25), twenty-six (26) and twenty-seven (27) in
block numbered seventeen (17), of the townsite of Michigan City, lying
south of a line beginning at a point fifty-one (51) feet south of north-
east corner of said lot numbered twenty-seven (27), and running
thence west across the aforesaid lots to a point thirty and eight hundred
seventy-five thousands (30.875) feet south of the northwest corner of
said lot twenty-three (23), block seventeen (17)," known as hotel prop-
erty.

He then alleges the usual agreement as to right of foreclosure on
default of any payment; and the recording of the mortgage; that on
the first day of December, 1923, the said mortgage was assigned to
the plaintiff for value received and the assignment recorded in the
office of the register of deeds.   The complaint contains the usual allega-
tions in regard to no actions or proceedings having been taken other-
wise to recover the debt, the issuance of power of attorney, notice of

intent to foreclose, the service of the notice and that all of the defendants claim right and interest in the land. The plaintiff then asks for foreclosure of the mortgage, for personal judgment against the defendants Tuttle and McHaffie for the amount due and that whatever right or interest each defendant has be declared subject to this mortgage.

The defendants Adelbert Older and Araminta Older answer entering a general denial as to the execution of the note and mortgage "and leave the plaintiff to his proof in that regard." They admit receipt of notice of intention to foreclose, and that they claim an interest in the land. For a counter claim the answering defendants allege: that the "plaintiff herein caused the record title to said real property referred to in the complaint to be placed in the name of his wife, Anna D. Knowles as a part of a plan to cheat and defraud these defendants, hereinafter alleged, and as a part of the same plan induced the defendants to sign a certain contract for deed to his said wife and in this connection these defendants allege that in the month of April, 1924, these defendants were the owners and in possession of real property in Ramsey county, Minnesota, of the value of $11,500 over and above all encumbrances, that the plaintiff herein Warren P. Knowles, by his associates, confederates and agents induced the defendants to trade their said property in Ramsey county, Minnesota, for the real property described in the complaint, then and there falsely representing to the defendants that said North Dakota property was of the value of $15,000 over and above a mortgage thereon of $10,000; that said North Dakota property had a hotel building thereon and the plaintiff, his associates, confederates and agents then and there represented to the defendants that the said hotel was in A-1 condition and state of repair and fully equipped for operation as a hotel, whereas they well knew and these defendants did not know that the said building and property was worth not in excess of $8,000 and was in bad condition and lacking in equipment; that said false representations were made for the purpose of having the defendants rely thereon and thereby and by means thereof obtain the defendants' property as a payment on said North Dakota property at a valuation of $25,000, for said North Dakota property, and that the defendants did in good faith rely thereon and transfer their said property and signed a certain contract set out in the complaint in a certain action pending in this court wherein Anna D.

Knowles the wife of this plaintiff is plaintiff and the answering de·
fendants are defendants and that the defendants signed said contract
in reliance upon said representations and believing the same to be true,
whereas the same were in all things false and made for the purpose
and with the intent of deceiving and defrauding these defendants and
the defendants were then and there deceived and defrauded thereby."
Defendants further allege the hotel property was not worth to exceed
$8,000 and that the value of their property was "not less than $11,500
clear of all encumbrances," and that therefore the plaintiff and his wife
"received from these defendants property in the sum of not less than
$3,500 over and above the full value of the North Dakota property
and in addition thereto $2,563.45 in rents from said North Dakota
property." The defendants ask that the plaintiff's action be dismissed
and they have judgment against the plaintiff in the sum of $3,500
"plus the further sum represented by rents that plaintiff has taken.

The plaintiff replies denying the allegations of the answer. He
alleges that the defendants Older have made certain payments on the
mortgage but that the same cannot be ascertained until there be an
accounting for the reason that he had expended $1,000 more or less
"on account of insurance, taxes and judgment lien, and the payments
so made by said plaintiff will in a large measure offset the payments
made by said defendants."

The trial court found in favor of the plaintiff and ordered judg-
ment against the defendant Dwight Tuttle and Ernest McHaffie in the
sum of $9,154.64 with interest at 6 per cent per annum payable semi-
annually from November 1, 1926, with statutory attorneys' fees and
costs, adjudging that this sum so found be declared to be a lien upon
the property described superior to the claim of any of the defendants
herein, and judgment was accordingly entered. The defendants Older
appeal demanding a trial de novo.

There are six specifications of error all dealing with the claim that
a deed to the premises described, taken in the name of Anna D. Knowles,
is of such a nature and character as to be in effect a deed to Warren
P. Knowles, the plaintiff, and by reason of the fact that this deed was
taken after the assignment of the mortgage to Warren P. Knowles this
is a merger of interests, and therefore no mortgage to foreclose.

In passing we may say that appellants in their supplemental brief

raise an issue, not included in the specification of error. It is the claim of the appellants that a "decree of foreclosure could only be for the installments of the debt then due, and not for installments of the debt to become due in the future." The mortgage sought to be foreclosed contains this provision: "If default shall be made in the payment of said sum of money or the interest . . . at the time and in the manner hereinbefore or hereinafter specified for the payment thereof" the mortgagee could sell the land, etc., and the further stipulation, that "if default be made by the party of the first part, in any of the foregoing provisions it shall be lawful for the party of the second part, his heirs, executors, administrators, or assigns or his attorney to declare the whole sum above specified to be due." The notice of intention to foreclose specified the whole sum due with interest, and it is admitted that installments and interest due were not paid. The bringing of the action for the whole amount of the note is a sufficient declaration of intent to declare the whole sum due. See Doolittle v. Nurnberg, 27 N. D. 521, 147 N. W. 400.

At the trial the plaintiff made out a prima facie case by proving the execution and delivery of the note and mortgage, the assignment to him, the endorsement of the note and the other necessary factors to establish a right to foreclosure in the amount decreed by the court.

The sole issue before us is whether a deed to the premises, presumably made by Dwight Tuttle to Anna D. Knowles after the execution of his mortgage to Ernest McHaffie, in any way affects the mortgage interest of Warren P. Knowles.

At the time of the trial of this case in the same court there was pending the action of Anna D. Knowles against the defendants Older for the foreclosure of a contract of sale alleged to have been entered into by Anna D. Knowles with the said defendants, and covering the same property. Under stipulation in the lower court the two cases were tried together with separate judgments to be entered. Hence we have but the one record for the two cases.

In the companion case of Knowles v. Older, ante, 128, 220 N. W. 625, reference is made to the evidence dealing with the character and nature of the contract sought to be foreclosed, and its relationship to the entire transaction. Therein we held the contract of sale to be a separate and distinct matter from the mortgage in this case. Some

difficulty was experienced in determining what evidence should be considered, but taking the most favorable view which the defendants can claim we find the evidence shows conclusively that the deed to the hotel property was given as additional security for the debt already secured by the mortgage and as taken by the plaintiff Warren P. Knowles in the name of Anna D. Knowles his wife, was so taken in order to prevent a merger of interests.

The question of merger of interests is largely a matter of intent. It is clear from the evidence the plaintiff did not intend to merge his interests and in the light of the law regarding such merger as declared in Rouse v. Zimmerman, 55 N. D. 94, 97, 212 N. W. 515, the trial court was justified in holding that there was no merger.

There being no merger, and the evidence conclusively showing that the mortgage involved in this case was duly executed, and that the amount found by the trial court to be due, is in fact due thereon, the judgment of the lower court is affirmed.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.