[File No. 6017.]

ADVANCE-RUMELY THRESHER COMPANY, a Corporation, Respondent, v. MARTIN E. JOHNSON, Appellant.

(243 N. W. 919.)

554

Opinion filed August 23, 1932.

*Clair F. Brickner,* for appellant.

*Lawrence, Murphy, Fuller & Powers,* for respondent.

CHRISTIANSON, Ch. J.   Plaintiff brought this action to foreclose a chattel mortgage upon certain threshing machinery.   The mortgage was given to secure three certain promissory notes dated July 23, 1930, and payable respectively October 1, 1930, October 1, 1931 and October 1, 1932, each note being for the sum of $245.   The defendant interposed an answer wherein he alleged that the notes and chattel mortgage were executed and delivered conditionally; that such notes were given for the purchase price "of a certain piece of threshing machinery, to-wit, a separator;" that said threshing machinery was purchased for the use of the defendant; that it was agreed between the plaintiff and the defendant that the defendant was to have an opportunity to test the

separator and attachments; that the separator delivered to the defendant was a separator with a 22-inch cylinder and that it was represented and warranted by the plaintiff that a separator with a 22-inch cylinder would thresh as much grain as one with a 28-inch cylinder and that if defendant was not satisfied that said separator so delivered would thresh as much grain as a 28-inch cylinder separator, that the notes and mortgage would not become effective and that the defendant might return the separator; that the defendant did test the separator and attachments and that the same did not thresh the amount of grain that reasonably would be threshed by a separator with a 22-inch cylinder and that the defendant within a few days after the test returned and delivered the separator and attachments to the plaintiff and demanded a return of the notes and mortgage. It was further alleged that the feeding and weighing attachments on the separator were obsolete, out of repair and would not work; that parts of the separator were missing and that because of defective and missing parts the separator did not function properly. The answer alleged, by way of further defense, that the defendant signed a written order and that the plaintiff fraudulently and without notice to, or knowledge of, the defendant inserted the description of "the separator to be a 22-inch front, 36-inch rear, the Defendant well knowing at all times that the plaintiff had ordered a 44-inch rear separator, and the Plaintiff did falsely and fraudulently represent to the Defendant that it was selling to the Defendant a 44-inch rear separator; that Defendant did not discover the fraud of said Plaintiff until a few days thereafter and promptly upon discovery of said fraud the defendant did return and place at the disposal of the Plaintiff the separator theretofore delivered by him to the Defendant."

It was also alleged by way of further defense that the plaintiff substituted and delivered a wind stacker of different make from that ordered.

The plaintiff interposed a reply wherein it admitted that it sold and delivered the threshing machinery, to-wit, a separator and attachments, to the defendant and alleged that the same was sold and delivered under a written contract which contained certain specific warranties and which written contract, by its terms, excluded all warranties except those enumerated. It was further alleged that prior to the delivery of the separator and attachments the defendant examined the

same and knew the condition thereof; that the separator was not one manufactured by the plaintiff but a second-hand separator which was manufactured by another company and which separator was several years old. It was also alleged that the plaintiff had complied fully with the provisions of the contract; but that the defendant had failed to comply with the terms and provisions thereof in certain particulars which are set forth with some detail.

The record discloses that upon the trial some controversy arose as to whether the case, under the pleadings as they then stood, was properly triable to a jury or triable to the court without a jury. It was the contention of the plaintiff that the case still remained an equitable one, and that, consequently, it was properly triable to the court without a jury; but the defendant took the position that under the issues as framed the case was essentially one at law and properly triable to a jury. The court sustained the contention of the defendant and the case was duly tried to a jury.

The jury returned a verdict in favor of the plaintiff. The trial court thereupon made findings of fact in accordance with the verdict and ordered judgment in favor of the plaintiff and against the defendant for the amount of the promissory notes with interest, and further adjudged that the mortgaged personal property be sold and the proceeds of sale applied in payment of the judgment and costs and expenses of sale and that the surplus moneys, if any, arising from the sale be brought into court to abide the further order of the court; also, that if the proceeds of said sale applicable thereto be insufficient to satisfy the judgment with accrued interest and costs, that the plaintiff have general execution against the defendant for the deficiency.

When the case came on for trial defendant's counsel objected to the introduction of any evidence, and moved that the action be dismissed on the ground that the complaint did not state facts sufficient to constitute a cause of action in that there was no allegation as to who "is the present owner and holder" of the notes and chattel mortgage involved in the suit. A colloquy followed between counsel for the respective parties and the trial court, in which defendant's counsel stated that he admitted the execution of the notes, but claimed that the complaint was insufficient because it did not allege that plaintiff was the present owner and holder of such notes. The objection was overruled

and a jury impanelled and sworn to try the case. After the jury had been sworn to try the case defendant's counsel said: "In order that there may be no misunderstanding, I assume the attitude of opposing counsel is that we assume the position of plaintiff, and have the burden of proof, and have the opening and closing argument, and that the plaintiff offer his exhibits, so that we may have a prima facie case."

No error is assigned upon the trial court's ruling on the objection to the introduction of evidence and the motion to dismiss the action made by the defendant at the commencement of the trial, which objection and motion were based upon the ground that the complaint was defective because it did not allege that plaintiff was the present owner and holder of the notes and chattel mortgage. In any event the objection and motion were wholly devoid of merit. "In an action by the payee against the maker of a note it is sufficient to allege the execution and delivery of the note to plaintiff, without alleging that he is the holder and owner thereof, since it will be presumed that the payee of a note in possession thereof is the owner. An allegation that the instrument in suit was made payable to the order of plaintiff sufficiently shows plaintiff's ownership of it." 8 C. J. 886.

The first assignment of error is predicated upon the court's ruling in admitting in evidence the two promissory notes, which, according to their terms, became payable respectively October 1, 1931 and October 1, 1932, over the objection of the defendant that said notes were not due and that consequently they were "incompetent and irrelevant and did not tend to prove any issue in the lawsuit." The ruling challenged was clearly correct. The complaint alleged that the three promissory notes were secured by a chattel mortgage; that such chattel mortgage contained an acceleration clause which, among other things, provided that if the mortgagee at any time should deem itself insecure that it was authorized to treat the debt secured thereby as due and payable, even before the maturity of any of the promissory notes secured by the mortgage and to foreclose the mortgage and sell the chattels described therein; that the defendant had abandoned the machinery and that the mortgagee did deem itself insecure and that, "the plaintiff has heretofore and does hereby elect to declare the entire sum secured by said mortgage as immediately due and payable; that the notes above described and secured by said chattel mortgage are past due and unpaid."

The three notes and the chattel mortgage were offered and received in evidence at the same time. There was no objection to the chattel mortgage or to the note due October 1, 1930. The chattel mortgage contained the acceleration clause alleged in the complaint. Each of the three notes contained the following provision: "This note is one of a series, is secured by chattel mortgage, and it shall immediately become due and payable, at the option of the holder, upon default in full payment at maturity of any note of said series, and also for default in any condition of said chattel mortgage, to all the terms and obligations of which mortgage the makers . . . hereof severally agree and obligate themselves."

No attack was made upon the sufficiency of the complaint or plaintiff's right of action until the notes were offered in evidence. There was no plea that the action was prematurely brought; nor objection of any kind on that ground until after the trial had commenced and the notes were offered in evidence. It will be noted that while defendant's counsel, at the commencement of the trial, objected to the sufficiency of the complaint, this objection was based upon a wholly different ground and there was no suggestion that the action was prematurely brought. It will be noted further that defendant's counsel insisted that there were certain issues of fact which must be tried to the jury and that the issues framed by the pleadings were such as to entitle him to the opening and closing argument. Obviously if the action were prematurely brought and there was no cause of action for that reason, there was no need of a jury as there would be no issue of fact for submission to the jury. The objection to the promissory notes did not go to their relevancy or competency as evidence but to the question whether the instruments themselves furnished any basis for a cause of action. We are agreed that the objection was unavailing and that the trial court was correct in over-ruling it and in permitting the notes and chattel mortgage to be received in evidence.

It is also contended by the appellant that the trial court erred in finding that all the notes were due, and in rendering judgment against the defendant for the amount of the indebtedness evidenced by all three notes with interest up to the date of the rendition of judgment. It is contended that in any event personal judgment should not have been rendered for more than the amount of the first note; that the

acceleration clause could in no event operate to mature the notes except for the purposes of foreclosure and that no personal liability existed or could be enforced against the defendant until the dates of maturity specified in the notes. In support of this contention appellant cites the decision of this court in Baird v. Meyer, 55 N. D. 930, 215 N. W. 542, 56 A.L.R. 175. That decision, however, does not sustain appellant's contention. In that case the plaintiff sought to obtain a personal judgment on promissory notes not yet due by virtue of a declaration of maturity under an acceleration clause contained in the mortgage which secured the payment of the notes. The notes themselves did not contain any such clause. It was held that the acceleration clause in the mortgage could be invoked only in an action where a foreclosure was sought and that the mortgagee and holder of a promissory note secured by a mortgage containing such clause, might not avail himself of the provisions thereof and declare the note due and payable for the purpose of bringing an action to obtain a money judgment on the promissory note without seeking a foreclosure of the mortgage. That is not the condition here. This is an action to foreclose the mortgage and here not only the mortgage but the notes contain an acceleration clause.

While questions relating to and involving the acceleration clause in a mortgage have been considered by this court in several cases (Cosgrave v. McAvay, 24 N. D. 343, 139 N. W. 693; Doolittle v. Nurnberg, 27 N. D. 521, 147 N. W. 400; McCarty v. Goodsman, 39 N. D. 389, 167 N. W. 503, L.R.A.1918F, 160; State Bank v. First Nat. Bank, 49 N. D. 611, 192 N. W. 967; Baird v. Meyer, 55 N. D. 930, 215 N. W. 542, 56 A.L.R. 175), the precise question involved here was not involved, but under the rule announced in these decisions the acceleration clause is a valid contractual provision enforcible according to the intention of the parties; and may always be invoked in an action to foreclose the mortgage.

In Baird v. Meyer, supra, it is recognized that the mortgagee, for the purpose of foreclosure, may declare the entire debt due and have the mortgaged property sold and the proceeds of sale applied in payment of the debt so declared due even though the notes themselves do not contain any acceleration clause.

Obviously the fact that the defendant by its answer in effect eliminated, or claims to have eliminated, the equitable phase of the action did

not destroy the effect of the acceleration clause either in the mortgage or in the notes or impair the rights which plaintiff had thereunder. Under the general rule established throughout this country generally, as well as in this jurisdiction, the mortgagee, upon the breach of any of the conditions of the mortgage, entitling him so to do, may declare the entire debt due for the purposes of foreclosure and enforce such obligation against the property hypothecated to secure the debt. Note in 34 A.L.R. p. 850. Whether the mortgagee also, under an acceleration clause contained in the mortgage alone, may obtain personal judgment for the deficiency, if any, remaining after the sale of the mortgaged property before the notes have matured according to their terms, is quite a different question and one upon which there is a decided conflict in the authorities. Note in 34 A.L.R. pp. 848, et seq., pp. 857, et seq.

One line of authorities proceeds upon the theory that a note and mortgage, though separate instruments, being executed at the same time and as a part of the same transaction, constitute in effect one contract; that, consequently, the acceleration provision in the mortgage securing the note operates to mature the note not only for the purpose of foreclosure but for all purposes, and that, hence, a breach in the conditions of the mortgage which makes the acceleration clause operative, matures the entire debt for all purposes and entitles the holder to a personal judgment for the whole amount secured by the mortgage as well as to a decree of foreclosure. Note in 34 A.L.R. pp. 848, et seq.

Another line of cases proceeds upon the theory that the note and mortgage are distinct instruments; that the acceleration clause in a mortgage is applicable only insofar as the mortgage is concerned and may be invoked for the purposes of foreclosure only, and that when an acceleration clause is invoked the notes are regarded as due only for the purpose of foreclosure, but that so far as the personal liability of the maker is concerned, the acceleration clause does not render the note due but that it matures only in accordance with its own terms. Note in 34 A.L.R. pp. 857, et seq.

In Oklahoma the rule seems to prevail that an acceleration clause in a mortgage securing a note does not affect the maturity of the note, in a suit upon the note alone; but that in an action to foreclose the mortgage the acceleration clause operates upon the note as well as upon

the mortgage and that the mortgagee in such action is entitled to personal judgment against the maker of the note as well as to a decree of foreclosure. Bollenbach v. Ludlum, 84 Okla. 14, 201 Pac. 982.

Obviously under any of these theories the plaintiff in this case was entitled to personal judgment against the defendant. For, as said, each of the notes, as well as the mortgage, contains an acceleration clause. The acceleration clause in the notes rendered them payable at the option of the payee upon failure to pay any of the notes, or upon breach of any condition of the mortgage entitling the payee to declare the indebtedness due. In this case there was a breach of such condition and there was an exercise by the payee of the option to declare the indebtedness due. Doolittle v. Nurnberg, 27 N. D. 521, 147 N. W. 400, supra. The trial court was entirely correct in finding that all three notes were due and in ordering judgment accordingly.

Other assignments of error are predicated upon the court's instructions to the jury. One of these assignments is predicated upon an instruction withdrawing from the jury the question whether the plaintiff had misrepresented the size of the separator. In our opinion the assignment is wholly devoid of merit. The record discloses that the defendant, in answer to questions propounded by his own counsel, disclaimed that any such misrepresentation had been made. He admitted that the written order described, and that he received thereunder, precisely the size of separator that he had ordered. In light of the defendant's testimony it would have been little short of ridiculous to have submitted to the jury any question as regards alleged misrepresentation by the plaintiff of the size of the separator ordered by the defendant.

It is further contended that the trial court erred in its instructions to the jury in treating the order for machinery as a single order. It is claimed that while there was only one written order it should have been treated as two separate orders so far as the separator and the drive belt were concerned. This contention is without merit. The order on its face is one order. It is clear that if the plaintiff had sought to furnish the separator alone without the drive belt or vice versa it would not have been an acceptance of the order and a contract would not have resulted. Only one purchase price is specified in the order. There is no way in which it can be ascertained from the order how much of the

562

stipulated purchase price covered the separator and how much related to the drive belt. In our opinion the order was a single order, and no contractual relations would have arisen if the plaintiff had sought to reject part and accept the remainder. The defendant therefore could not retain so much of the machinery as was to his advantage and rescind the contract as to the remainder. J. L. Owens Co. v. Doughty, 16 N. D. 10, 110 N. W. 78; Allis-Chalmers Mfg. Co. v. Frank, 57 N. D. 295, 221 N. W. 75. Hence, the trial court was correct in instructing the jury on the theory that there was but one order and one contract; and that consequently a disaffirmance or rescission must be of the entire contract.

Criticism is also made of certain language used by the trial court in instructing upon the statute affording the purchaser of a threshing machine a reasonable opportunity to test the same. Laws 1919, chap. 238. The comments of the trial court as regards the statute were in effect a commendation of the provisions thereof. We fail to see how these comments could possibly have resulted in any prejudice to the defendant. It seems more likely that if they had any effect, it must have been to his advantage.

What has been said disposes of all assignments of error that have been argued. We find no prejudicial error in the record. The judgment must be and it is affirmed.

BURKE, BIRDZELL, NUESSLE and BURR, JJ., concur.