[File No. 7231]

LAKELAND REALTY COMPANY OF MINNESOTA, a Corporation, Appellant, v. JOSEPH H. REESE, Respondent.

(46 NW2d 696)

Opinion filed March 2, 1951

*Burnett, Bergeson, Haakenstad & Conmy,* for appellant.

*Paul G. Thonn* and *Clair F. Brickner,* for respondent.

SATHRE, J. This is an action brought by the plaintiff against the defendant to foreclose a mortgage on Lot 2, in Block 4, in Tyler's Addition to the City of Fargo, Cass County, North Dakota. The complaint is in the usual form and the defendant interposed a general denial.

The transactions which led to the execution of the mortgage are as follows: On the 25th day of September 1947 the plaintiff and defendant entered into a written agreement whereby the plaintiff agreed to sell and defendant agreed to buy two houses in the city of Fargo, one a brick house known as 603 Broadway, and one a frame house known as 605 Broadway. The agreed price was $1300.00; $100.00 of which was to be paid on execution of contract and $1200.00 on or before November 1st, 1947. It was further agreed that the defendant was to remove these houses from the lots on which they were situated on or before November 1st, 1947.

Subsequently and on the 16th day of October 1947, the plaintiff and defendant entered into another agreement in writing which superseded the agreement of September 25th. This agreement also provided for the sale to the defendant of the two houses known as 605 and 603 Broadway, Fargo, North Dakota, at the purchase price of $1300.00; $100.00 upon execution of the contract and $1200.00 on or before February 1st, 1948. It further provided that defendant should secure payment of the balance by executing a first mortgage on Lot 2 in Block 4, Tyler's Addition to the City of Fargo, North Dakota. This agreement also provided that the defendant was to remove the houses known as 603 and 605 from the lots on which they were located, and to remove all the trees on said lots on or before February 1st, 1948, and to secure the timely removal of the trees there was to be included in the note secured by the mortgage the additional sum of $600.00 payable at the time specified in the note and mortgage, but that on the removal of the trees within the time specified the sum of $600.00 should be credited and endorsed upon the note; but if the defendant should default in the removal of the trees the plaintiff would retain the said sum of $600.00 as liquidated damages.

Both agreements were in writing and are as follows:

## Agreement

"This Agreement Made and entered into this 25th day of September 1947, by and between the Lakeland Realty Company of Minnesota, a corporation, and Joseph H. Reese of Fargo, North Dakota, first and second parties respectively.

The party of the first part for the consideration hereinafter set forth does hereby sell and convey unto the party of the second part, the personal property consisting of two houses, a brick house known as 603 Broadway, Fargo, North Dakota, and a frame house known as 605 Broadway, Fargo, North Dakota; that the party of the second part shall pay the party of the first part the sum of Thirteen Hundred ($1300.00) Dollars for said two houses, of which sum One Hundred Dollars is paid, receipt of which is acknowledged by the first party, and the balance thereof, the sum of Twelve Hundred ($1200.00) Dollars is to be paid on or before November 1, 1947.

That the consideration heretofore expressed is considered nominal between the parties and that the real consideration is based upon the need of the first party for the land upon which said houses are now located and the promise of the second party to move said houses from the present location forthwith and to have said premises cleared, on or before November 1, 1947, and that the need for removal of said houses is urgent and that time is the essence of this agreement."

The agreement of October 16th, 1947, is as follows:

## Agreement

"This Agreement Made and entered into this 16th day of October, 1947, between Lakeland Realty Company of Minnesota, a corporation, First party and Joseph H. Reese, Second Party of Fargo, North Dakota.

Witnesseth That this agreement is made and executed concerning the subject matter of a certain agreement entered into by the same parties on the 25th day of September, 1947, and that

the execution of this agreement replaces and cancels said agreement dated the 25th day of September, 1947.

The party of the first part for the consideration hereinafter set forth does sell and convey unto the party of the second part two houses, located at 603 and 605 Broadway, Fargo, North Dakota. It is expressly stipulated that said two houses are personal property and that the party of the second part shall remove from said premises, on or before the first day of February 1948, the frame house known as 605 Broadway; that the party of the second part shall raze and demolish the brick house known as 603 Broadway and shall remove from the premises, on or before the first day of February 1948, all bricks, lumber, material and refuse obtained in the demolition and razing of said house.

That the party of the second part shall pay the party of the first part the sum of Thirteen Hundred ($1300.00) Dollars for said two houses, in the following manner, the sum of $100.00 upon execution of this agreement, receipt of which is hereby acknowledged, and the further sum of Twelve Hundred ($1200.00) Dollars on or before the first day of February 1948, and shall secure payment of said deferred balance by executing his promissory note and securing the same by a first mortgage on Lot 2, in Block 4, Tyler's Addition to the City of Fargo, North Dakota.

That the present tenants in the premises known as 605 Broadway are the responsibility of the party of the second part and that tenants in the premises known as 603 Broadway are the responsibility of the party of the first part and delay in demolition and razing of said brick building occasioned by the present tenancy shall be without penalty or damage to the party of the second part.

It is further stipulated and agreed between the parties of this Agreement that the party of the second part shall remove all trees from the two lots, herein designated as 603 and 605 Broadway, Fargo, North Dakota, exclusive of trees growing on the respective boulevards, and that said trees shall be removed completely, roots, trunks and limbs and shall be entirely cleared from the premises by the party of the second part. In consider-

ation of said tree removal the party of the first part shall pay to the party of the second part the sum of Six Hundred Dollars at the following times and in the following manner, to-wit: That said trees shall be removed by the party of the second part on or before the first day of February 1948, and to secure said prompt and timely removal the party of the second part shall secure his performance by including in the note and mortgage heretofore referred to, the additional sum of $600.00 payable at the times in said note and mortgage referred to but that on removal of said trees on or before the first day of February, 1948, the party of the first part shall endorse and credit payment on said note and mortgage of the sum of $600.00 and if the party of the second part shall neglect and fail to remove said trees in the time herein specified, then the party of the first part may declare said note and mortgage immediately due and payable and retain said $600.00 as liquidated damages.

It is expressly stipulated between the parties that time is the essence of this agreement and that the party of the second part, as a contractor shall lawfully and carefully perform the duties and obligations of this agreement with his own employees, equipment and methods and without supervision or direction of any kind by the party of the first part.

In Witness Whereof the parties hereunto set their hands and seal the day and year above first written."

This mortgage was dated October 15, 1947 and is in the usual North Dakota Standard form. It recites that it is given to secure the payment of the sum of $1800.00 according to the conditions of a note of even date therewith, and contains the following clause: "the sum of $1200.00 on or before the first day of February 1948, and the further sum of $600.00 through services in the removal of trees from 603 and 605 Broadway, Fargo, North Dakota, according to the terms of a certain written contract between the parties."

The note is as follows:

Fargo, North Dakota
October 15, 1947

"For value received, I promise to pay to the order of the Lake-

land Realty Company of Minnesota, a corporation at Fargo, North Dakota, the sum of Eighteen Hundred ($1800.00) Dollars in the following manner to-wit: The sum of Twelve Hundred ($1200.00) Dollars on or before the first day of February 1948 and the sum of Six Hundred ($600.00) Dollars on or before the first day of February 1948 by removal of trees at 603 and 605 Broadway, Fargo, North Dakota, according to the terms of a certain written contract now existing between the maker and payee of this promissory note, with interest at the rate of 6% per annum.

It is expressly agreed that if any default is made in the payment of any of the above indebtedness, that all of the principal sum above mentioned and specified shall at the election of the holder, become at once due and payable without notice."

Joseph Reese.

The plaintiff conceded that the purchase price of the two houses purchased by the defendant was $1300.00, that $100.00 was paid at the time of the execution of the agreement dated October 16, 1947, but contended that $600.00 was to be added to the note and mortgage to secure removal of the trees; that defendant was to be given credit on the note in the sum of $600.00 for removing the trees as provided in the written agreement, and that after such credit there was a balance due the plaintiff in the sum of $1200.00 and interest.

The defendant however contended that the purchase of the two houses was $1300.00; that $100.00 was paid and that the balance due was $1200.00: That upon the removal of the trees as provided for in the contract the defendant was to receive credit in the sum of $600.00 and that balance due the plaintiff would be $600.00 and not $1200.00.

The defendant further contends that the inclusion of the $600.00 additional in the note and mortgage was in the nature of a penalty or bond to become effective in the event he failed to remove the trees as provided in the written agreement.

The trial court adopted the theory of the defendant and held that plaintiff was entitled to judgment against the defendant in the sum of $600.00 and interest at 6% from and after the date of

the note and mortgage and for foreclosure of this mortgage upon property described therein. From this Judgment the plaintiff appeals.

The issue presented on this appeal is whether the amount due is $1200.00 as contended by the plaintiff or $600.00 as contended by the defendant.

When the trial opened in district court the defendant moved for leave to file an amended answer setting up several affirmative defenses, and interposing a counterclaim. The trial Court denied the motion but ruled as follows:

"It is going to be the ruling of the court that the amended answer was not properly served, and that the defendant will have to go to trial upon the original answer interposed, with the understanding that he may make amendments in conformity with the proof where the proof varies from the answer, but it is not to be considered that he can set up any counterclaim."

Neither party objected to this ruling and the case went to trial.

Plaintiff conceded that the trees were removed within the time stipulated in the written agreement and credited defendant with $600.00 on the note and mortgage.

The note refers specifically to the sum of $600.00 to be credited to the defendant upon removal of the trees *according to the terms of a certain written contract now existing between the maker and payee of this promissory note, with interest at the rate of 6% per annum.*

The mortgage also refers to a credit of $600.00 to be given through services in the removal of trees from 603 and 605 Broadway, Fargo, North Dakota.

The written agreement of October 16th and the note and mortgage must therefore be construed together. The note and mortgage provide that the conditions stipulated shall be performed according to the terms of a written agreement between the parties.

Section 9–0707 Revised Code of North Dakota for 1943 is applicable to the facts and circumstances of this case and is as follows:

"9-0707 Several Contracts Part of One Transaction Interpreted Together.

Several Contracts relating to the same matters between the same parties and made as parts of substantially one transaction are to be taken together."

If the theory of the defendant is to prevail, the written agreement as well as the provisions in the note and mortgage referring thereto must be disregarded. We do not believe that such was the intention of the parties. The purchase price of the two houses is fixed in the written agreement at $1300.00 on which $100.00 was paid when the agreement was made. With respect to the removal of the trees the agreement provides "that said trees shall be removed by the party of the second part on or before the first day of February, 1949, *and to secure said prompt and timely removal the party of the second part shall secure his performance by including in the note and mortgage, heretofore referred to, the additional sum of $600.00 payable at the times and in said note and mortgage referred to, but that on removal of said trees on or before the first day of February, 1948, the party of the first part shall endorse and credit payment on said note and mortgage of the sum of $600.00 and if the party of the second part shall neglect and fail to remove said trees in the time herein then the party of the first part may declare said note and mortgage immediately due and payable and retain said $600.00 as liquidated damages."*

The purpose of including in the note the additional $600.00 was to secure removal of the trees. This is clearly indicated by the provisions in the contract that time was the essence, especially so far as the removal of the trees was concerned.

The plaintiff had plans to erect a business building on the lots upon which the two houses were located, and to secure their removal at as early date as possible, the additional $600.00 was included in the note and mortgage.

Sec 9-0714 Revised Code of North Dakota provides that:

"If the terms of a promise in any respect are ambiguous or uncertain, it must be interpreted in the sense in which the prom-

isor believed at the time of making it that the promisee understood it."

Defendant admitted that the note, mortgage and agreement were drawn at his request by his attorney. The mortgage and agreement were signed by defendant in the office of his attorney who also took the acknowledgment. Section 9–0714 supra applies to the circumstances which resulted in the written agreement of October 16th. The defendant undoubtedly believed that the plaintiff understood that the agreement was to be construed according to the conditions clearly expressed therein.

"A final contract and a proposal may be construed together where they refer to and supplement each other, especially where the parties admit that the contract substantially conforms to the proposal; and in construing a written contract which superseded a prior written contract between the parties, the two contracts may be compared in order to ascertain the situation of the parties when the second contract was made." CJS page 750, Sec 322.

There can be little doubt as to the meaning of the terms of the agreement involved here, but if any doubt existed it should be interpreted against the party by whom contract was drawn.

Schuhknecht v. Robers, 192 Wis 275, 212 NW 657.

It is well established that a contract must be interpreted to give effect to the mutual intention of the parties as it existed at the time of its execution so far as ascertainable and lawful.

Baird v. Fuerst, 60 ND 592, 235 NW 594; Larson v. Wood, 75 ND 9, 25 NW2d 100.

Construing together the written agreement, note and mortgage it is clear that removal of the trees was a part of the consideration. To secure such removal $600.00 was added to the note and mortgage. The obligation of the defendant under the terms of the note, mortgage and agreement was therefore $1800.00; but he was to be given credit for $600.00 if the trees were removed on or before February 1st, 1948. The trees were removed and the defendant received credit in the sum of $600.00 upon the note and mortgage. The unpaid balance was therefore $1200.00 and interest. The Plaintiff is entitled to judgment ac-

cordingly. The case is remanded to the District Court with directions to modify the judgment in accordance with this opinion.

MORRIS, C. J., CHRISTIANSON, GRIMSON and BURKE, JJ., concur.