**Bert JOHNSON and Lyle Johnson, Plaintiffs and Appellants,**

v.

**Willie T. KING, John W. Magnusson, Cavalier County, a municipal corporation, Defendants and Appellees.**

**Civ. No. 10220.**

Supreme Court of North Dakota.

Oct. 20, 1982.

William S. Heigaard, Langdon, for plaintiffs and appellants; argued by R. Scott Stewart, Langdon.

Neil W. Fleming, Cavalier, for defendants and appellees, argued by Lawrence D. DuBois, Grand Forks.

SAND, Justice.

Bert Johnson and Lyle Johnson (Johnsons) appealed from an order dismissing without prejudice their complaint against Willie T. King (King), John W. Magnusson, and Cavalier County, a municipal corporation,[1] in an action to foreclose a mortgage on certain described property and a promissory note securing the mortgage. Johnsons moved for summary judgment and the court, after a hearing, dismissed the complaint, and Johnsons appealed.

1. Magnusson was named a party in the complaint because he had a judgment against Willie King. Cavalier County was a named party in the action because King's 1980 real estate

On 10 March 1980 King executed a $500,-000 promissory note payable to Johnsons on 1 April 1985, a mortgage deed on certain described property securing the note, and an assignment of rents on the property described in the mortgage deed.

The promissory note provided that no payments were necessary on the principal until the maturity date, but that accumulated interest on the note was due on 1 April and December of each year commencing on 1 December 1980. The promissory note further provided that the interest rate was 18 percent per annum except for periods when the note was in default, during which time the interest rate would be 22 percent. The promissory note itself did not contain an acceleration clause which would make the principal due if King was in default on the interest payment.

The mortgage deed made reference to the promissory note and also provided:

"But if default shall be made in the payment of said sum of money, or interest, or the taxes, or any part thereof, at the time and in the manner hereinbefore or hereinafter specified for the payment thereof, the said party of the first part [King], in such cases does hereby authorize and fully empower the said parties of the second part [Johnsons], their heirs, executors, administrators, successors or assigns, to sell the said hereby granted premises and convey the same to the purchaser, in fee simple, agreeably to the statute in such case made and provided, and out of the moneys arising from such sale to retain the principal and interest which shall then be due on said note, and all taxes upon said lands, together with all costs and charges, and statutory attorney's fees, and pay the overplus if any to the said party of the first part, her heirs, executors, administrators or assigns. And if default be made by the party of

taxes were delinquent. However, Magnusson's and Cavalier County's interests need not be resolved in this appeal.

the first part in any of the foregoing provisions it shall be lawful for the parties of the second part, their heirs, executors, administrators, successors or assigns, or their attorney to declare the whole sum above specified to be due."

King failed to make the interest payments as specified in the promissory note, and the Johnsons commenced an action to foreclose on the mortgaged property. The Johnsons moved for summary judgment, and the court, after a hearing, concluded:

## "II.

"That the movant is not entitled to summary judgment at this time, for the reason that the promissory note creates ambiguity insofar as the remedy to be pursued in the event of the default.

## "III.

"That the Court gives precedence to the terms of the promissory note which is not payable until April 1, 1985.

## "IV.

"That the defendant, Willie T. King, is entitled to have the complaint dismissed."
The court entered an order dismissing without prejudice the Johnsons' complaint, and they appealed.

We must initially consider whether or not an appeal is authorized from an order dismissing without prejudice a complaint.

The right of appeal in this State is statutory. *Sheets v. Letnes, Marshall & Fiedler Ltd.,* 311 N.W.2d 175 (N.D.1981). The right to appeal is a jurisdictional matter which we may consider sua sponte. *State v. Jefferson Park Books, Inc.,* 314 N.W.2d 73 (N.D.1981).

An order dismissing an action without prejudice is not appealable.[2] *City of Minot v. Minot Highway Center, Inc.,* 120 N.W.2d 597 (N.D.1963). Consequently, the Johnsons' appeal must be dismissed.

However, we recognize that a judgment may be entered in this case and an appeal perfected which would be properly before this court. Because the parties have briefed and argued the issues presented in this case, and for the sake of judicial economy, we will set forth applicable case law on the issues raised by the Johnsons in their attempted appeal.

"It is generally conceded that an acceleration clause in a note or bond permits the acceleration of the mortgage although there is no acceleration provision in the mortgage. This is particularly true where the mortgage is conditioned for the payment of the note or bond according to its true intent and tenor. It is also usually held that although there is no acceleration clause in the note, an acceleration clause in the mortgage will enable the holder, upon the breach mentioned to accelerate the maturity of the mortgage although the debt is not due under the terms stated in the note. Indeed, according to the prevailing view, an acceleration provision in a mortgage securing a note enters into and becomes a part of the note so that maturity of the note is advanced in like manner with the maturity of the mortgage, *but there is also authority proceeding upon the theory that an acceleration provision in a mortgage securing a note does not affect the maturity of the note for purposes other than that of foreclosure of the mortgage.*" 55 Am.Jur.2d Mortgages § 379, p. 426, 427. [Emphasis added.]

In *Baird v. Meyer,* 55 N.D. 930, 215 N.W. 542, 56 A.L.R. 175 (1927), the plaintiff brought an action upon a promissory note which was secured by a mortgage. The principal on the note was not yet due and no part of the interest had been paid. The action was brought to obtain a personal judgment on the promissory note on the grounds that the mortgage contained an acceleration clause which secured the pay-

---

2. A judgment entered without prejudice is appealable. *Danks v. Holland,* 246 N.W.2d 86

(N.D.1976).

ments of the note. The promissory note itself did not contain an acceleration clause. This Court held that an acceleration clause in a mortgage could be invoked only in an action where a foreclosure was sought and that the mortgagee and the holder of a promissory note secured by a mortgage containing an acceleration clause could not declare the note due and payable for the purpose of maintaining an action to obtain a money judgment on the promissory note. The Court recognized that the mortgagee, for the purpose of foreclosure, may declare the entire debt due and have the mortgaged property sold and the proceeds of the sale applied in payment of the debt even though the note itself did not contain an acceleration clause. See also, *Winne v. Lahart,* 155 Minn. 307, 193 N.W. 587, 34 A.L.R. 844 (1923). In *Winne* the Court noted that a promissory note and mortgage are separate and distinct instruments so different in their nature and purpose that the negotiable character of the note does not affect the character of the mortgage which always is a chose in action, and that a mortgagee has two distinct remedies if the mortgagor defaults, i.e., he may sue on the note and recover an ordinary personal judgment, or he may resort to the security of the mortgage and have the mortgaged property sold and apply the proceeds to the payment of the debt. Resort may be had to either or both of these remedies, but there may not be a double satisfaction of the debt.

The *Baird v. Meyer, supra,* and *Winne v. Lahart, supra,* cases establish that North Dakota and Minnesota do not follow what may be considered the prevailing view as set out in 55 Am.Jur.2d, *Mortgages, supra,* but rather have adopted the view that the acceleration clause of a mortgage is not transferred to and does not become part of a promissory note unless specifically so provided. See also, Annot., 34 A.L.R. 848, 56 A.L.R. 185.

Since the *Baird* decision in 1927 the North Dakota Legislature has not enacted or amended any law to modify or otherwise change the legal concept enunciated by the Court in that case. If anything at all, the North Dakota Legislature passed anti-deficiency laws and amended NDCC Ch. 32–19 limiting the conditions for and setting out the procedures relating to deficiency judgments. See, *First State Bank of Cooperstown v. Ihringer,* 217 N.W.2d 857 (N.D. 1974). The legal concept announced in *Baird v. Meyer, supra,* has not been changed,[3] and furthermore, to our knowledge the Minnesota Court has not departed from its ruling in *Winne v. Lahart, supra,* which is in complete harmony with *Baird. Cf., Advance-Rumely Thresher Co. v. Johnson,* 62 N.D. 553, 243 N.W. 919 (1932) (action to foreclose chattel mortgage with acceleration clause in mortgage and note). We believe those cases set forth the applicable case law to resolve the issues raised by the Johnsons.

The appeal is dismissed.

ERICKSTAD, C.J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.

---

3. NDCC § 9–07–07 provides as follows:
 "Several contracts relating to the same matters between the same parties and made as parts of substantially one transaction are to be taken together."
 This provision necessarily relates to the interpretation and construction given to instruments executed as part of the same transaction. See, *Lakeland Realty Co. of Minnesota v. Reese,* 77 N.D. 904, 46 N.W.2d 696 (1951). The instant case involves the remedy available to the mortgagee, and while the choice of remedies available, in some instances, conceivably may be subject to interpretation, the facts of this case fall within the decision in *Baird v. Meyer, supra.*
 The record does not disclose that counsel provided the trial court with the cases of *Baird v. Meyer* and *Winne v. Lahart.*