ROEN LAND TRUST, Leland Roen, William G. Roen and Gail D. Roen, Plaintiffs and Appellants,

v.

Richard D. FREDERICK, Defendant and Appellee.

Civ. No. 940278.

Supreme Court of North Dakota.

April 18, 1995.

Malcolm H. Brown (argued), Bismarck, for plaintiffs and appellants.

William A. Herauf (argued), Reichert, Buresh, Herauf & Ficek, PC, Dickinson, for defendant and appellee.

MESCHKE, Justice.

Roen Land Trust, Leland Roen, William G. Roen, and Gail D. Roen (Trust) appeal from a summary judgment canceling a contract for deed and reimbursing Richard D. Frederick $54,676.86 for the costs of "permanent improvements" he made to the property. We affirm.

On January 2, 1980, the Trust sold nearly 78 acres of Bowman County land by contract for deed to a partnership that included Frederick. The purchase price was $217,620, with an annual interest rate of eight percent on any unpaid balance. Frederick later acquired the other partners' interests in the contract for deed.

When the contract was executed, the parties understood that the land, then used for farming, would be subdivided into lots and sold for residential and commercial uses. Section six of the contract agreed:

### COMPENSATION FOR PERMANENT IMPROVEMENTS CONSENT FOR PERMANENT IMPROVEMENTS

The Seller hereby gives consent to the making of permanent improvements on the purchased premises, which improvements may include but shall not be limited to construction of streets, sidewalks, sewer and water lines and landscaping. The Buyer, in case of default or subsequent forfeiture, will be compensated for the costs incurred in making improvements on the premises, and such compensation shall be paid at the time of forfeiture.

Between 1982 and 1987 Frederick had the land surveyed and constructed roads, water, and sewer lines on the property. The planned commercial and residential development did not materialize as the parties expected, and only two small lots were sold for residential use. At this time, no further sales of the platted part of the land are contemplated and the remainder of the land is being farmed. Frederick paid $123,299.28 in principal and interest on the contract for deed through December 1984.

Because Frederick defaulted after 1984, the Trust sued to cancel the contract for deed. Frederick counterclaimed under section six for compensation for the costs of making "permanent improvements" to the property. The trial court canceled the contract for deed and granted summary judgment on Frederick's claim for reimbursement. The court awarded Frederick a $54,676.86 judgment against the Trust for "permanent improvements" made to the property, consisting of the costs for road, water, and sewer work, along with necessary surveying costs for that work. The Trust appealed.

■ Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the party opposing the motion, there are no genuine issues of material fact or conflicting inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. *Hummel v. Mid Dakota Clinic, P.C.*, 526 N.W.2d 704, 707 (N.D.1995). There are only questions of law here.

### I

■ The Trust asserts the trial court erred in concluding that Frederick's construction of roads and installation of water and sewer lines on the land were "permanent improvements" within the meaning of section six of the contract for deed. The Trust argues these are not "permanent improvements" to the land because they no longer "benefit" the property, now largely returned to agricultural use. We disagree.

■ When interpreting a contract, the primary goal of a court is to give effect to the mutual intention of the parties as it existed at the time of the contract's execution. *Lakeland Realty Co. of Minnesota v. Reese*, 77 N.D. 904, 46 N.W.2d 696, 700 (1951). We ascertain the parties' intent from the writing alone, if possible. *Habeck v. MacDonald*, 520 N.W.2d 808, 811 (N.D.1994). As we explained in *Schmitt v. Berwick Township*, 488 N.W.2d 398, 400 (N.D.1992), if the language of the contract is clear and unambiguous, and the intent is apparent from its face, there is no room for further interpretation. In effect, the contracting parties have made their own law.

Normally, the parties to a contract are allowed to write the terms of the contract themselves. *E.E.E., Inc. v. Hanson,* 318 N.W.2d 101, 104 (N.D.1982). When parties define the terms of their contract, courts are not at liberty to disregard these definitions and substitute other meanings. 17A C.J.S. *Contracts* § 300, at p. 141 (1963). The parties to an agreement may furnish their own glossary of terms that they have employed, even if their definitions are unknown to lexicographers. 17A Am.Jur.2d *Contracts* § 361, at p. 383 (1991). These interpretation principles apply here.

The parties to this contract for deed unambiguously defined what would be "permanent improvements" when they contracted. Section six says permanent improvements "may include but shall not be limited to construction of streets, sidewalks, sewer and water lines and landscaping." The improvements for which compensation was allowed here are the exact improvements defined in the contract for deed. The Trust does not dispute the surveying costs constitute part of those improvements.

Nothing in the contract for deed suggests the parties intended that there must be a "benefit" to the land as a whole at the time of default or forfeiture in order to trigger the compensation clause. We reject the Trust's attempt to create an ambiguity in the contract by ascribing latent conditions to the term "permanent improvements" when the parties explicitly said what they intended the term to mean.

We conclude the trial court correctly ruled that the sewer, water, and road work, with associated surveying costs, were "permanent improvements" within the meaning of section six of the contract for deed.

## II

The Trust asserts that the trial court erred in granting Frederick a money judgment for the costs of the permanent improvements. Instead, the Trust argues, the trial court should have granted Frederick an equitable lien on the property covered by the contract for deed to secure payment of those costs. We disagree.

An equitable lien is a restitution concept applied by courts of equity to avoid injustice. *See Martian v. Martian,* 399 N.W.2d 849, 852 (N.D.1987). It arises "[w]here property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would be unjustly enriched." *Restatement of Restitution* § 161, at p. 650 (1937). An equitable lien only gives a claimant a security interest in property, which can then be used to satisfy a money claim. Dobbs, *Law of Remedies* § 4.3(3), at p. 402 (2d ed. 1993). We have often approved an equitable lien to prevent unjust enrichment of a debtor and for restitution to a creditor. *See Moen v. Moen,* 519 N.W.2d 10, 12 (N.D.1994); *Gust v. Peoples and Enderlin State Bank,* 447 N.W.2d 914, 920 (N.D. 1989); *Martian.* As reflected in 51 Am. Jur.2d *Liens* § 24, at p. 163 (1970) (footnotes omitted), no one has an absolute right to an equitable lien; "[t]here must be some ground for equitable intervention, including the absence of an adequate remedy at law...."

The Trust theorizes that it is "appropriate" to allow a purchaser under a failed land transaction an equitable lien on the property for improvements the purchaser made on it, rather than a money judgment against the seller. The Trust relies on *Funk v. Baird,* 72 N.D. 298, 6 N.W.2d 569 (1942) and *Tompkins v. Sandeen,* 243 Minn. 256, 67 N.W.2d 405 (1954), for this proposition. But both cases approved an equitable lien to avoid unjust enrichment of the sellers. Neither case holds that an equitable lien is an exclusive remedy under these circumstances, or that a seller may use the concept to force an unwanted remedy on a purchaser to shelter the seller's other assets from application to the purchaser's money judgment.

Section six of the contract for deed does not limit the buyer's remedy to an equitable lien on the property, as it might have, but it specifically states the buyer's compensation for the costs of permanent improvements "shall be *paid* at the time of forfeiture." (Emphasis added). Nor does the contract suggest that an equitable lien on the property is the exclusive means of securing payment for the costs of the improvements.

Frederick did not request an equitable lien in his counterclaim, but sought compensation for the improvements in accord with the contract clause. Even if the trial court might have imposed this remedy if Frederick had asked for it, we see nothing in the equities of this case that mandated use of the equitable lien proposed by the Trust. We conclude that the trial court did not err in granting a money judgment against the Trust, rather than limiting satisfaction of Frederick's judgment for improvement costs to the improved land.

We have considered the other arguments made and they do not affect our decision. The summary judgment is affirmed.

VANDE WALLE, C.J., LEVINE and NEUMANN, JJ., and ROBERT L. ECKERT, District Judge, concur.

ROBERT L. ECKERT, District Judge, sitting in place of SANDSTROM, J., disqualified.